## ARCHIBALD HAAS

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Pharmacy Act—Liability of One in Charge of Drug Store—Sec 12.*

1. Where a registered pharmacist is employed and placed in charge of a drug store, he becomes personally liable for the statutory penalty if he permits one who is not a registered pharmacist as assistant to vend drugs, medicines or poisons in his store.

2. An instruction to a boy, to sell anything in a drug store except poisons, leaving him to judge what are poisons, is a violation of the statute.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WILLIAM H. SISSON and CLARENCE F. GOODING, for appellant.

Messrs. JOHN M. HAMILTON and CHARLES C. GILBERT, for appellee.

GARNETT, P. J.   This appeal presents for consideration a question of construction of the act entitled, "An act to regulate the practice of pharmacy in the State of Illinois," approved May 30, 1881, and in force July 1, 1881.   The first section of the act in question provided that it shall not be lawful for any person, other than a registered pharmacist, to retail, compound or dispense drugs, medicines or poisons, or to open or conduct any pharmacy or store for retailing, compounding or dispensing drugs, medicines or poisons, unless such persons shall be, or shall employ and place in charge of said pharmacy or store, a registered pharmacist, etc.   Sec. 2 describes the qualifications of registered pharmacists.   Sec. 12 enacts that any registered pharmacist who shall permit the compounding and dispensing of prescriptions, or the vending of drugs, medicines or poisons in his store or place of business, except under the supervision of a registered pharmacist, or except by a registered assistant pharmacist, shall, for every such offense, be liable to a penalty of $50.

Merz Bros., being the owners of a drug store in Chicago, where drugs, medicines and poisons were retailed, compounded and dispensed, employed the appellant, a registered pharmacist, and placed him in charge of the store.   In the month of September, 1886, while appellant had such charge of the store, a boy, named Goddard, was also employed there by Merz Bros.   He was instructed by August Merz (one of the firm of Merz Bros.), as well as by appellant, that he might sell anything in the store except poisons.   Appellant testified that he

supposed it was for the boy to judge what were poisons. In the latter part of September, 1886, when appellant was absent at dinner and the boy was left in charge of the store, an application was made by Charles W. Day, to purchase some poisons, and the boy sold and delivered them to him. The appellant was summoned before a justice of the peace for the recovery of a fine for this alleged violation of the statute. The justice rendered judgment for $50, and the Criminal Court of Cook County, on appeal, rendered a similar judgment, which appellant now seeks to reverse. He claims that as the store was not his, but belonged to Merz Brothers, and as the boy was hired and could be discharged by them only, no penalty can be inflicted on a mere co-employe of the boy. If such was the intention of the legislature, the enactment is a lame and impotent conclusion. If the registered pharmacist employed to take charge of the store is not chargeable with the penalty, neither is the owner, if he is not a registered pharmacist. Thus, any person, who has not qualified himself to discharge the responsible duties required by the statute, may employ a person who has qualified himself, and the latter may, without fear of the prescribed penalty, permit any boy, or unskilled person employed in the store, to sell the prohibited articles, and the efficiency of the law becomes seriously impaired. A more reasonable interpretation is, that when a registered pharmacist is employed and *placed in charge* of a store of that character, although he is not the owner of it, the place does thereby become his place of business within the meaning of said Sec. 12. The terms of Sec. 1 show plainly that the legislature contemplated cases where persons not having the requisite qualifications, would employ and place in charge of such stores a registered pharmacist, and yet it is supposed that when the penalty, the effective part of the law, is reached, the intention was to devise a plan of escape for an entire class to whom special attention was devoted in the first section. The language of Sec. 12 does not require an interpretation so unreasonable, nor are we disposed to interfere with what appears to have been the design of the law; that is, that some person qualified by study and training, should have

charge of the retailing, compounding and dispensing of drugs, medicines and poisons, and should be responsible for permitting, in the place of business of which he has charge, any person, not qualified, to be engaged in work so dangerous to the public.

The law makes it the duty of the owner to have in charge of his store a registered pharmacist. It is the corresponding duty of the latter to take charge, if he accept the employment. Taking charge of the store in this instance means something more than nominal representation of the owner. He is the person who must decide and control as to the sale of drugs, medicines and poisons. The owner can not pretend to put him in charge, and at the same time employ an unskilled person in the same store who is independent of him as to such sales. The registered pharmacist who enters upon the charge of such a store, upon such conditions, does so at his peril.

That appellant, in substance, permitted the boy to make such sales, we think is shown by his own evidence. He says he told the boy he might sell anything in the store except poisons, and left him to decide what were poisons. To have fairly complied with the law, he should, at least, have told the boy what the excepted articles were. We can not presume the boy knew poisons from harmless syrups, and, unless he did, the saving clause in the instruction given him by appellant, was a dead letter, and failed to modify the sweeping direction to sell.

The judgment of the Criminal Court is affirmed.

*Judgment affirmed.*