(52 Misc. Rep. 492)

STATE BOARD OF PHARMACY v. MATTHEWS et al.

(Supreme Court, Appellate Term.  February 4, 1907.)

1. DRUGGISTS—CRIMINAL PROSECUTIONS.

Tincture of arnica, tincture of iodine, and spirits of camphor are medicines, within Pharmacy Law, Laws 1900, p. 1482, c. 667, § 200, which provides that unlicensed employés or assistants shall not be allowed to prepare or dispense receipts or prescriptions, or to sell or furnish medicines, except in the presence of and under the personal supervision of a licensed pharmacist.

2. SAME.

Where certain medicines were not compounded at the counter, but were labeled, sealed, and placed on the counter for immediate sale, and were sold while the only licensed pharmacist in the establishment was in the

laboratory across the street, the sale was not "in the presence of and under the personal supervision of a licensed pharmacist," as required by Pharmacy Law, Laws 1900, p. 1482, c. 667, § 200, providing that unlicensed employés or assistants shall not be allowed to sell or furnish medicines, except in the presence of and under the personal supervision of a licensed pharmacist.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the State Board of Pharmacy against Gardiner D. Matthews and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Hieronimus A. Herold, for appellant.
Edmond E. Wise, for respondents.

BLANCHARD, J. This is an appeal from a judgment entered in favor of the defendants. The action was brought to recover penalties for violation of the pharmacy law (chapter 667, p. 1482, of Laws of 1900) by the defendants in selling, through an employé who was not a licensed pharmacist, tincture of arnica, tincture of iodine, and spirits of camphor. According to section 200 of the law above mentioned:

"Unlicensed employés or assistants shall not be allowed to prepare or dispense receipts or prescriptions or to sell or furnish medicines or poisons except in the presence of and under the personal supervision of a licensed pharmacist."

The articles sold in the present case were not compounded at the counter, but were labeled, sealed, and placed on the counter for immediate sale, and were sold while the only licensed pharmacist in the establishment was in the laboratory across the street.

The defendants cannot successfully contend that the articles sold were not medicines, within the meaning of the law above mentioned, nor that they were sold "in the presence of and under the personal supervision of a licensed pharmacist." The defendants, from all that appears, could have complied with the law in every particular by employing one other licensed pharmacist, and arranging that at least one pharmacist be in the establishment at every moment during business. The suggestion that the statute, when literally construed, becomes unreasonable and unconstitutional, fails to recognize the ample power of the Legislature to enact police regulations for the health and public welfare of the community, which can be threatened in no more perilous way than by the sale of medicines by inexperienced persons.

Judgment for defendant reversed, and new trial ordered, with costs to appellant to abide the event. All concur.