accusations were dated August 7, 1909, and charged the offenses as having been committed on February 15, 1907, but further recited that from that date until August 7, 1909, the defendant had "so concealed himself that he could not be arrested." The proof was that on February 15, 1907, the defendant and several others were seen by a constable, playing and betting with cards and money. He arrested them and took them before a magistrate and had a warrant issued for them. On the way to jail the defendant escaped, and the officers were not able to rearrest him, until the sheriff of a neighboring county arrested him about August 1, 1909. Pending the first arrest the defendant was searched and a pistol was found concealed upon his person. The question as to the statute of limitations might be troublesome, were it not for the decision in the case of *Watkins* v. *State*, 68 *Ga*. 832. Under the Penal Code, §30, the statute is suspended if the offender "so conceal himself that he can not be arrested." Here the defendant was arrested and afterwards escaped. In the *Watkins* case the court ruled: "If after the commission of a crime the offender escapes and conceals himself so that he can not be arrested, the statute of limitations will be suspended during the time for which such concealment continues. Nor does it matter that the offender is arrested, and then escapes and conceals himself before indictment, and avoids a rearrest; such concealment will suspend the statute of limitations." As to the other points the authorities cited in the headnote are controlling.

*Judgment affirmed.*

---

### 2149.  SOONYERS *v.* THE STATE.

RUSSELL, J.  1. The exceptions to the rulings upon the demurrers were not properly preserved pendente lite, and could not be considered when offered as ground of the motion for new trial. *Mayor &c. of Dublin* v. *Dudley*, 2 *Ga. App.* 762 (59 S. E. 84).

2. The evidence, as well as the defendant's statement, absolutely demanded the verdict finding that the defendant sold drugs without license; and hence the errors assigned are immaterial.

3. One may own a drug-store without being a licensed druggist or pharmacist, provided that the drugs and medicines he offers for sale are sold or compounded, as the case may be, either by one who has himself been licensed according to law, or by an assistant under the supervision

of a licensed druggist. But even though the manager of a drug-store or pharmacy be licensed, this fact will not authorize sales of drugs or the compounding of prescriptions by his partner or employee, where such licensed manager is not in actual personal charge of the business.

*Judgment affirmed.*

Indictment for misdemeanor, from Tattnall superior court—Judge Morgan presiding. August 11, 1909.

Submitted October 6,—Decided October 13, 1909.

*Warnell & Anderson, A. S. Way,* for plaintiff in error.

---

## 2150. BUSH *v.* THE STATE.

HILL, C. J. None of the assignments of error of law contain any merit. The case was fairly, fully, and accurately submitted to the jury by the charge of the court, and the verdict is amply supported by the evidence.

*Judgment affirmed.*

Indictment for keeping liquor, etc., from Muscogee superior court—Judge Gilbert. September 2, 1909.

Submitted October 6—Decided October 13, 1909.

*H. C. Mitchell, Wynn & Wohlwender,* for plaintiff in error.

*George C. Palmer, solicitor-general,* contra.

---

## 2152. LIVINGSTON *v.* THE STATE.

1. When the offense of assault with intent to murder is charged in an indictment alleging that the assault was committed through the pointing of a pistol, and at the trial State's counsel announces that he will ask for a conviction of only the misdemeanor of pointing a pistol at another, there is no error in not charging the jury on the subject of assault with intent to murder.

2. To aim a weapon at another is to point it intentionally.

Indictment for assault with intent to murder, from Appling superior court—Judge Parker. August 21, 1909.

Argued October 6,—Decided October 13, 1909.

*W. W. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

POWELL, J. The indictment charged the crime of assault with intent to murder, and alleged that the assault was committed through the pointing of a pistol at the prosecutor. At the trial