## 4333.  FRYER *v.* THE STATE.

1. The merits of the ruling of the court below upon the demurrer can not be considered, because no exception pendente lite was filed at the time of the ruling, and the bill of exceptions was certified several months thereafter.

(*a*) Error in a ruling upon a demurrer can not properly be made a ground of a motion for a new trial, but should be taken advantage of by direct exception.

2. An assignment of error to the effect that the verdict is contrary to certain instructions of the court amounts to nothing more than the general exception that the verdict is contrary to law.

3. The evidence as to whether the notes were forged or genuine was in conflict, but the evidence in behalf of the State was sufficient to authorize a finding that those whose names purported to be signed to the notes had neither signed them nor authorized their execution; and though the defendant did not in person deliver to the bank the forged notes alleged to have been uttered and published by him as true, the circumstances in proof were sufficient to authorize the conclusion that he either transmitted them or caused them to be transmitted to the bank. The jury had a right to prefer the testimony in behalf of the State; and, giving the State's evidence this preference, the circumstances adduced are inconsistent with the theory of innocence.

4. The remaining assignments of error, not being argued in the briefs, must be treated as abandoned.

DECIDED APRIL 2, 1913.

Indictment for forgery; from Meriwether superior court— Judge R. W. Freeman. June 12, 1912.

*McLaughlin, Jones & Jones, J. J. Bull & Son,* for plaintiff in error.

*J. R. Terrell, solicitor-general,* contra.

RUSSELL, J.  1.  In approving the bill of exceptions, the trial judge certified that no exceptions pendente lite were filed to the rulings upon the demurrers to the indictment. The court passed upon the demurrers in February, and the bill of exceptions was not certified until July 2, and therefore the judgment upon the demurrers can not be considered by this court. *Wheeler* v. *State,* 4 *Ga. App.* 325 (61 S. E. 409); *Sconyers* v. *State,* 6 *Ga. App.* 804 (65 S. E. 814). Where error in ruling upon a demurrer in a criminal case is not made a ground of special exception preserved pendente lite, but is complained of in a bill of exceptions sued out upon the case as a whole after verdict, the bill of exceptions must be certified within twenty days from the ruling of which complaint is made. The plaintiff in error seeks to present the ruling of the

court upon the demurrer as a ground of his motion for new trial. Of course, under the uniform rulings of the Supreme Court, as well as of this court, a ruling upon a demurrer can not properly be presented for consideration in a motion for new trial. *Mayor and Council of Dublin* v. *Dudley,* 2 *Ga. App.* 762 (59 S. E. 84); *Wheeler* v. *State,* supra.

2. In the motion for a new trial complaint is made that the verdict is contrary to the charge of the court in several particulars. Of course, such an assignment raises only the question whether the verdict is for any reason contrary to law.

3. According to the testimony in behalf of the defendant, the notes were genuine, and were forwarded to the bank by the defendant's sister, at the request of his mother, to whom the money accruing from the original note had been paid. If the testimony in behalf of the defendant had been credited by the jury, he could not have been convicted upon any theory. However, the credibility of witnesses is a matter exclusively for the jury. According to the testimony of each of the parties whose names purported to have been signed to the several notes sent to the bank as collateral, all of the notes were forgeries. Each of the purported makers swore that he neither signed the note himself nor authorized any one to sign it for him. Assuming the notes to be forgeries, as the jury, from the evidence in behalf of the State, had the right to do, the conclusion from the circumstances is irresistible that the defendant, in pursuance of his prior agreement with the bank to furnish notes as collateral from these very parties, either mailed them himself or procured their transmission. In other words, whoever mailed these notes mailed them at his request, and as his agent. The testimony of the defendant's sister is positive that she mailed them, and that the accused knew nothing of it, but she testified also that she saw the notes signed by the several alleged makers. If the jury found she had testified falsely in one respect, it was within their power to disbelieve her altogether. If the jury discredited the testimony in behalf of the defendant, as manifestly they did, then the evidence, direct and circumstantial, in behalf of the State, is ample to support the conclusion of the defendant's guilt, and is inconsistent with any other theory.

4. The remaining assignments of error, not being argued in the briefs, must be treated as abandoned.          *Judgment affirmed.*