### 5729.   KENT v. THE STATE.

1. It appearing, from the evidence, that the defendant sold on Sunday, in his storehouse, six bottles of coca-cola to one purchaser, and fifty cents worth of sausage to another, and that he conducted in the same storehouse, during the week, a business wherein he sold like articles, the jury were authorized to find him guilty of violating section 416 of the Penal Code.

2. The merits of the ruling of the court below upon the demurrer can not be considered, because no exception pendente lite was filed as to the ruling, and the bill of exceptions was certified several months thereafter.

(a) Error in a ruling upon a demurrer can not properly be made a ground of a motion for new trial, but should be taken advantage of by direct exception.

DECIDED SEPTEMBER 19, 1914.

Accusation of misdemeanor; from city court of Millen—Judge T. L. Hill. April 20, 1914.

*A. S. Anderson, G. C. Dekle,* for plaintiff in error.

*William Woodrum, solicitor,* contra.

RUSSELL, C. J. 1. D. V. Kent was tried and convicted upon an accusation charging that the defendant "did then and there unlawfully and with force and arms pursue his business and the work of his ordinary calling on the Lord's day, in that he did sell one J. E. Posey six bottles of coca-cola on the Sabbath day, and in that he also on said day did sell Ellis Jackson sausage for the price of fifty cents, and receive pay therefor, the selling of said coca-cola and said sausage not then and there being a work of necessity and charity." Every allegation made in the accusation was proved. The defendant filed a motion for new trial upon the usual general grounds, and the only contention in the brief of his counsel is that two single separate acts can not show a calling, and that the evidence does not show that the acts complained of were in the line of the defendant's calling, or what his regular occupation was. One witness testified: "Keeping this store is a regular occupation of Mr. Kent. Mr. Kent sells sausage and coca-cola at this store." There is no merit in the contention of the plaintiff in error; and, the jury having seen fit to find him guilty of the offense, on proof of the two sales alleged, this court will not undertake to say that their finding was erroneous. The law governing the case was correctly submitted to the jury, who found, as a matter of fact, that the defendant violated the law; and as this was a question solely for their determination, their finding will not be disturbed by this court.

2. The defendant filed a demurrer, which was overruled. No exception pendente lite was filed; and it appearing that the demurrer was overruled on December 3, 1913, and that the bill of exceptions was not certified until May 8, 1914, the merits of the ruling upon the demurrer will not be considered. Error in a ruling upon a demurrer can not properly be made a ground of a motion for a new trial, but should be taken advantage of by direct exception. *Fryer* v. *State,* 12 *Ga. App.* 533 (77 S. E. 830).

*Judgment affirmed. Roan, J., absent.*