# STATE v. MIKE ZOTALIS.[1]

## July 8, 1927.

## No. 26,136.

**Restricting sale of drugs, medicines and poisons within police power of the legislature.**

   G. S. 1923, § 5814, restricting the sales of drugs, medicines and poisons, with certain exceptions, to pharmacists and sellers employing a pharmacist, except when the shop of the seller is more than two miles from a drug store, is a constitutional exercise of the police power, and valid when applied to sales of aspirin.

Aspirin, 5 C. J. p. 607 n. 6 New.
Druggists, 19 C. J. p. 772 n. 29, 43; p. 773 n. 48; p. 774 n. 52.

Defendant appealed from a judgment of the municipal court of Minneapolis, White, J. Affirmed.
   *Bellew, Seland, Dillon & Schendel,* for appellant.
   *Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

DIBELL, J.

The defendant was convicted of the violation of G. S. 1923, § 5814, which prohibits anyone not a registered pharmacist or a dealer having such a pharmacist in charge of his place of business from retailing drugs or medicines or poisons, excepting, however, 23 articles of common use. He appeals from the judgment.

   The defendant conducts a confectionery store in Minneapolis. He is not a pharmacist and does not employ one. He sold aspirin and for selling it was convicted under the statute. The aspirin was in a container, with a label stating that it contained five-grain aspirin tablets, that a dose was one or two tablets, and that it was distributed by a designated laboratory and chemical company of Minneapolis.

[1] Reported in 214 N. W. 766.

G. S. 1923, § 5805, provides that the term "drugs, medicines and poisons" shall include all substances commonly kept in drug stores and used in compounding medicines or sold for medicinal purposes. Aspirin is a coal tar product commonly kept in drug stores and is used and sold for medicinal purposes. It is a drug or medicine within the statute. It is not a proprietary or patent medicine.

The statute should be sustained if enacted with reasonable reference to public health or welfare. If intended merely to give a monopoly to pharmacists or druggists by restricting sales to them it is not sustainable. It is only sustainable as a police measure.

The legislature thought that the dangers incident to its sale justified regulation and that a restriction of sales to pharmacists or to those under their supervision was effective. It is true that no technical skill is required in making a sale. This does not prove the statute invalid. As remarked by the trial court, the pharmacist knows where to procure a pure and genuine article and his prescribing physicians will require him to furnish a pure drug.

It is not questioned that the sale of drugs, medicines and poisons may be regulated in the exercise of the police power. State v. Donaldson, 41 Minn. 74, 42 N. W. 781; State v. Hovorka, 100 Minn. 249, 110 N. W. 870, 8 L.R.A.(N.S.) 1272, 10 Ann. Cas. 398; 19 C. J. pp. 772-774, §§ 5-13. The restriction of the sale of aspirin as provided by the statute is within the legislative discretion. State Board v. Matthews, 197 N. Y. 353, 90 N. E. 966, 26 L.R.A.(N.S.) 1013; People v. Smith, 231 N. Y. 531, 132 N. E. 876; State Board v. Bellinger, 138 App. Div. 12, 122 N. Y. S. 651. It may be mentioned that G. S. 1923, § 5805, permits the sale of a commonly used medicine put up for sale by a registered pharmacist when the shop of the seller is more than two miles from a drug store. This provision was held valid in State v. Donaldson, 41 Minn. 74, 42 N. W. 781.

Judgment affirmed.