## STATE v. I. H. LEVINE.[1]

January 6, 1928.

No. 26,381.

**Construction of 1925 amendment to pharmacy statute.**

[1] A registered pharmacist owning and conducting a drug store, where articles other than drugs are kept for sale, does not violate G. S. 1923, § 5814, as amended by L. 1925, c. 339, when no drug is disposed of or prescription is filled by the clerk not a pharmacist or registered assistant pharmacist in charge of the store while the owner is at his meals but within call of the clerk ready to attend within a few minutes, if a drug is to be purchased or a prescription filled.

**Title of amendatory act not defective.**

[2] So construed the statute does not run counter to any constitutional rights; nor is the title of L. 1925, c. 339, defective.

**Error to exclude offer of evidence.**

[3] The court erred in excluding evidence which under the above construction tended to show that no violation occurred.

Druggists, 19 C. J. p. 774 n. 49 New; p. 778 n. 36 New.
Statutes, 36 Cyc. p. 1035 n. 52.

Defendant was convicted in the municipal court of Minneapolis of a violation of the pharmacy act and appealed from an order, Carroll, J. denying his motion for a new trial. Reversed.

*Arthur H. Anderson* and *William S. Ervin,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

HOLT, J.

Convicted of a violation of G. S. 1923, § 5814, as amended by L. 1925, p. 428, c. 339, defendant appeals from the order denying a new trial.

[1] Reported in 217 N. W. 342.

[1]   Defendant is a registered pharmacist and owns and conducts a drug store at 800 Washington avenue southeast, Minneapolis. Besides drugs, he has for sale magazines, tobacco, fine stationery, toilet articles, candies, ice cream and soft drinks.   He was charged with the violation of a prohibition added to G. S. 1923, § 5814, by L. 1925, p. 428, c. 339, reading:   "No person shall hereafter carry on, conduct, or transact business under a name which contains as a part thereof, the words, drugs, drug-store, or pharmacy, or in any manner, by advertisement, circular, or poster, sign, or otherwise describe or refer to the place of business conducted by such person by the terms, drugs, drug-store, or pharmacy, unless the place of business so conducted be at all times in charge of a registered pharmacist, or during the temporary absence of such registered pharmacist, in charge of a registered assistant pharmacist."   A violation is a misdemeanor, for which the minimum fine is $50.

The defendant attacks the constitutionality of the part of this act above quoted, and also the court's action in excluding evidence tending to show that defendant, though not in the store during his meals, was in charge of the sale of drugs at all times, since he had arranged so that while at meals he could be called by telephone and would reach the store in a few minutes if any drug was desired, and that the clerk in charge sold or disposed of no drug in his absence.   The court ruled out such evidence as immaterial, holding that there was a violation of the statute if the store was kept open for any appreciable time without a registered pharmacist or registered assistant pharmacist being actually within the store and in charge thereof.

If possible a statute should be so construed as not to offend or run counter to constitutional guaranties.   It is also the duty of courts so to construe a law regulating a lawful business that unreasonable burdens and absurd restrictions be not imposed thereon.

We must take notice of the fact that in the outskirts of our large cities and in the numerous small villages over the state drug stores are necessities, yet the sale of drugs is so small that no person could make a living therefrom unless side-lines of ordinary mer-

chandise were carried, and even then the profit would not provide for a registered assistant pharmacist to be in charge when the owner, a registered pharmacist, would step outside for meals or any other temporary errand of a few minutes. We take notice of the well known fact that in villages business men often live over their stores, or in rear rooms, or within a block or two thereof; and it would be an unreasonable construction of the law to hold that a registered pharmacist owner violated this law if while at his meals he left one not a registered assistant pharmacist in charge of the store with instructions not to sell drugs and with facilities for calling the owner pharmacist were drugs wanted or the filling of prescriptions required, and the one so left in charge disposed of no drugs meanwhile. Having in view that the sole purpose of § 5814 is to prohibit the dispensing of drugs by other than duly registered pharmacists and registered assistants, we think a proper construction to be that a registered pharmacist owner is at all times in charge while during short intervals of the day he is at his meals within easy reach and on call, and the one left in charge of the store does not undertake to sell any drug in his absence.

[2] So construed the law is not open to any constitutional objection and its purpose is accomplished. There is no defect in the title of c. 339 which can give rise to the contention that what was added to said G. S. 1923, § 5814, is not germane to the title.

[3] From the construction we place upon the law it is clear that the learned trial court erred in excluding the evidence offered by defendant. The state proved a sale of a bottle of essence of peppermint in the absence of defendant by a clerk not a pharmacist or registered assistant pharmacist. But there is no evidence establishing that this was a drug. The testimony showed it to be a flavoring extract used in drinks and for baking. State v. Zotalis, 172 Minn. 132, 214 N. W. 766, was a conviction for selling aspirin by one not a pharmacist or registered assistant pharmacist. Aspirin was proved a drug used for medicinal purposes. The state cites Lewis v. Brannen, 6 Ga. App. 419, 65 S. E. 189; Sconyers v. State, 6 Ga. App. 804, 65 S. E. 814; Haas v. People, 27 Ill. App. 416; Cullinan v. Tetrault, 123 Me. 302, 122 A. 770; State v. Forcier, 65 N. H. 42, 17

A. 577; State v. Normand, 76 N. H. 541, 85 A. 899, Ann. Cas. 1913E, 996. A mere glance at those cases will show their inapplicability to the questions before us.

State Board of Pharmacy v. Matthews, 52 Misc. 492, 102 N. Y. S. 507, sustained a conviction of the proprietor of a drug store on evidence that his clerk had sold a medicinal preparation not "in the presence of and under the personal supervision of a licensed pharmacist," the pharmacist employed by the owner being one stationed in the laboratory across the street. Had the clerk in the instant case sold drugs while defendant was at lunch we are not intimating that defendant could not have been held criminally liable.

For the error in the exclusion of the testimony above referred to there must be a new trial.

The order is reversed.

HILTON, J. took no part.