STATE OF IOWA ex rel. CARL S. MISSILDINE, County Attorney, Appellee, v. JEWETT MARKET COMPANY, Appellant.

No. 39989.

568

DECEMBER 13, 1929.

*C. R. S. Anderson,* for appellant.

*Mason Ladd* and *Leland S. Forrest,* Assistant County Attorneys, for appellee.

*Clark, Byers & Brunk, Amici Curiae.*

FAVILLE, J.—The appellant is a corporation, organized under the laws of this state, and engaged in the retail business of marketing groceries, meats, and food commodities in the city of Des Moines. It is not engaged in the occupation of operating a pharmacy or drug store, and does not have in its employ or among its officers any licensed pharmacists. It is admitted or established that, while so engaged in its general business of operating a grocery store and meat market, the appellant did, at divers times in the year 1928, engage in .keeping for sale in said store

the drug commonly known as aspirin. The question involved in the case is whether or not such keeping for sale and selling of aspirin by the appellant constituted a violation of the statutes of this state, so that the same may be enjoined.

Section 2519 of the Code, 1927, provides as follows:

"Any person engaging in any business or in the practice of any profession for which a license is required by this title without such license may be restrained by permanent injunction."

The so-called Practice Acts are embodied under Title VIII of the Code of 1927. Chapter 123, included in said Practice Acts, refers to the practice of pharmacy. Section 2578 is, in part, as follows:

"For the purpose of this title the following classes of persons shall be deemed to be engaged in the practice of pharmacy:

"1. Persons who engage in the business of selling, or offering or exposing for sale, drugs and medicines at retail."

Section 2579 provides:

"The preceding section shall not be construed to include the following classes: * * *

"4. Persons who sell, offer or expose for sale proprietary medicines or domestic remedies which are not in themselves poisonous or in violation of the law relative to intoxicating liquors."

Section 2580 is as follows:

"For the purposes of this chapter:

"1. 'Drugs and medicines' shall include all substances and preparations for internal or external use recognized in the United States Pharmacopœia or National Formulary, and any substance or mixture of substances intended to be used for the cure, mitigation, or prevention of disease of either man or animals."

I. The first question for our determination is whether or not, under the record in this case, the appellant was engaged in the "business" of selling or offering or exposing a drug for sale.  One may properly be said to be engaged in a business even though it is not his exclusive occupation. One is engaged in a business with regard to any particular article when he has such

article for sale to any person who may apply for it for the seller's profit. The question is not determined by the number of sales that may be made. The word "business" has a variety of meanings, and is applied in a variety of ways. See 1 Words & Phrases (2d Ser.) 531 *et seq.*

We think the record brings the appellant within the terms and provisions of the statute, as being engaged in the business of selling aspirin. As bearing on the question, see *Harris v. State,* 50 Ala. 127; *United States v. Rennecke,* 28 Fed. 847.

II. It is contended that aspirin is not a drug, within the meaning of Paragraph 1 of Section 2578 of the Code. The expert evidence in the case showed that it is a drug. It is classified as a coal tar product. It is a remedial agent, used in the treatment of disease. It is described in the record as "a potent, active drug." The evidence is amply sufficient to establish the fact that aspirin is a drug, with decided physiological properties, and is used to cure, mitigate, or prevent disease.

III. It is contended that aspirin comes within the exception of Paragraph 4 of Section 2579 of the Code, in that it is a proprietary medicine, and hence may be sold by the appellant as such. An expert witness testified in this case that "a proprietary medicine is a medicine which has a secret formula."

In *Ferguson v. Arthur,* 117 U. S. 482 (29 L. Ed. 979), the court said:

" 'Proprietary' is defined thus: In the Imperial Dictionary, 'belonging to ownership, as, proprietary rights;' in Webster, 'belonging, or pertaining, to a proprietor,' 'proprietor' being defined, 'one who has the legal right or exclusive title to anything, whether in possession or not,—an owner;' in Worcester, 'relating to a certain owner or proprietor.' "

In *State v. Zotalis,* 172 Minn. 132 (214 N. W. 766), the Supreme Court of Minnesota said:

"Aspirin is a coal tar product commonly kept in drug stores, and is used and sold for medicinal purposes. It is a drug or medicine, within the statute. It is not a proprietary or patent medicine."

The record shows that aspirin was originally a proprietary medicine. It was discovered in Germany, its formula was secret,

and the product was originally made only by the possessor of this secret formula. However, the formula has been discovered, and aspirin is now made by different pharmaceutical and chemical manufacturers, and it has entirely ceased to be a proprietary medicine. Therefore it does not come within the exception noted in the statute referring to proprietary medicines.

IV. It is contended that appellant can only be held under Code Section 2580, and that said statute attempts to define drugs and medicines, and in so doing includes all substances and  preparations for internal or external use recognized in the United States Pharmacopœia or National Formulary. For convenience, we shall refer to these books as U. S. P. and N. F. The claim of appellant is that a very large number of substances are listed in the U. S. P. and N. F. that are of common and domestic use, and are not harmful or poisonous, and that the said statute attempts to limit the business of selling all such articles to pharmacists and hence is unconstitutional. We do not deem it necessary to pass upon the question as to whether or not Section 2580 is unconstitutional. We expressly reserve any pronouncement upon said question. Even if said section is unconstitutional, it in no way affects the appellant's rights in this action. In this suit it is sought to enjoin the appellant from engaging in the business of selling a substance which is clearly established, under the record, to be in fact a drug. Under the express provisions of Section 2578, Paragraph 1, a person is deemed to be engaged in the practice of pharmacy who engages in the business of selling, or offering or exposing for sale, drugs. This, the record shows, the appellant did. He therefore was subject to injunction to restrain him from engaging in such business. Even if Section 2580 were unconstitutional, it would not necessarily follow that the appellant would not be subject to injunction for engaging in the business of selling what was in fact a drug, under Section 2578. We do not deem it essential to the determination of the question involved in this appeal for us to pass upon the constitutionality of Section 2580, and therefore we expressly reserve any pronouncement in relation thereto.

We hold that the record establishes the fact that the appellant was engaged in the business of selling, or offering or ex-

posing for sale, aspirin, which is a drug, and which is not a proprietary medicine. Therefore he was subject to an injunction restraining him from engaging in said business.

It is conceded by the appellee that the terms of the injunction are too broad, in enjoining the appellant from doing any acts prohibited by Title VIII of the Code of 1927. The decree should be modified by eliminating therefrom the following clause: "And that he further be enjoined from doing or continuing to do any acts prohibited by Title VIII of the Code of 1927 and amendments thereto." As so modified, the decree of the district court will be, and it is, affirmed.—*Modified and affirmed.*

ALBERT, C. J., and EVANS, STEVENS, DE GRAFF, and KINDIG, JJ., concur.