LOUIS DE SAULLES & COMPANY, plaintiffs in error, *vs.* GEO. G. LEAKE, defendant in error.

1. If, in charging the jury on any material point, the judge expresses an opinion as to what the proof shows, or what is true according to the evidence, it is error for which a new trial must be granted by the supreme court.

2. It is not error to repeat what is admitted by one of the parties; and that the admission was made, if so stated in the charge, will be taken as true, unless it be otherwise certified in the bill ot exceptions.

3. An erroneous charge on irrelevant evidence, or touching a matter wholly immaterial to the merits of the controversy, is not cause for new trial unless it has misled the jury.

Charge of Court.    New trial.    Before Judge COWART. City Court of Atlanta.    June Term, 1875.

Leake brought complaint against de Saulles & Company on an account for $699 96, due for services rendered as a clerk, and for $120 00 money loaned.    Defendants pleaded that the account, so far as correct, had been paid.    That the plaintiff had been employed by the year and had left their service without cause, thereby damaging them $250 00.    That he was not entitled to any pay for the three dull months of the year.    To the plea was attached a bill of particulars made out upon this basis, by which the plaintiff was shown to be indebted to the defendants $154 65.

In view of the decision the testimony is immaterial here, except as to the item of $120 00 alleged to have been loaned by plaintiff to defendants.    The former testified that it was money loaned.    Krous, one of the defendants, stated that it was money taken by him from plaintiff when intoxicated, but he admitted that it was used by defendants with the consent of plaintiff.

Louis de Saulles & Company *vs.* Leake.

The court charged the jury, amongst other things, as follows: "The proof shows that the plaintiff left defendants about the time of the commencement of the busiest season, while the defendants admit that he served them during the spring months of that year, when, according to the proof, the business was nearly as good as in the fall months, during which time it is admitted plaintiff served.

"As regards the item of $120 00 there is a conflict of the testimony in reference thereto. You will harmonize the testimony if you can; if you cannot, then you will find in favor of that which you believe most clear."

The jury found for the plaintiff $351 29, with interest from October 15th, 1874. The defendants moved for a new trial because the verdict was contrary to law and evidence, and because of error in the aforesaid charge. The motion was overruled and defendants excepted.

HILLYER & BROTHER, for plaintiffs in error.

A. B. CULBERSON; ORR & LEWIS, for defendant.

BLECKLEY, Judge.

This was a suit by a mercantile clerk against his employers for wages and for money loaned. The money item was admitted. The item for wages was resisted, on the ground that the clerk had withdrawn from the service for which he was hired before the expiration of the term, without just cause and without the consent of his employers. The service commenced in January, 1874, without any definite contract. Subsequently a contract was entered into for service during that year, at the rate of $1,000 00 per annum. Under that contract the plaintiff remained until the 13th of October, when he withdrew. He justified his withdrawal in two ways : First, he said that it was stipulated in the contract itself that either party might put an end to the engagement at will; and, second, he said that his employers had given him just cause to leave them by refusing to allow him reasonable

Louis de Saulles & Company *vs.* Leake.

time for meals, or rather for breakfast.   He claimed pay only for the time he served, and his suit was brought for a balance, after deducting certain admitted payments.   Both parties testified in the case.   It was a disputed point whether the plaintiff had a right to withdraw at pleasure by the terms of the contract; and it was also a disputed point whether the restriction he complained of in reference to his meals was unusual or unreasonable.   It was likewise a question, supposing his withdrawal justified, how his wages for the time he served should be apportioned.   Would he be entitled to what his services were worth, irrespective of the contract rate, or would the contract rate govern; and if the latter, would the apportionment depend simply on the number of months served out, or partly on the comparative importance of these months as falling in or out of the business season? There was evidence tending to show that some months were dull and some more active, and that the fall months especially were business months.   Other evidence tended to show that the spring months were nearly equal to those of the fall, and that the plaintiff's services, even in the dull months of summer, were worth the average rate of the contract.

1.  The court charged the jury that the proof showed that the plaintiff left about the commencement of the business season, while the defendants admit that he served during the spring months, when, according to the proof, the business was nearly as good as during the fall months.   It is not in accordance with the system of charging a jury known to our law, for the judge to express himself thus in reference to the evidence.   What the proof shows, and what is according to the proof, must be determined by the jury entirely.   The statute prohibits the judge from even intimating an opinion; and for this error we are required by the statute itself to order a new trial: Code, section 3248; *Phillips vs. Williams,* 39 *Georgia Reports,* 597.

2.  It is not error for the judge to say to the jury that a fact is admitted: 16 *Georgia Reports,* 368.   Of course, it would be otherwise if the fact were not admitted.   But where

there is such a statement in the charge, and there is no contradiction of it by the judge himself in the bill of exceptions, it will be taken as true. In the charge we have just recited, the judge told the jury that the defendants admitted that the plaintiff served during the spring months. Unless it were otherwise alleged in the bill of exceptions, and certified by the judge, we must suppose that this related to some admission made by the defendants in open court. We do not, therefore, include this part of the charge in pronouncing the charge erroneous. The error lies in saying that the proof showed the defendant left about the commencement of the business season, and that, according to the proof, the business was nearly as good in the spring months as during the fall months.

3. The charge is further complained of, as respects the item for loaned money, because the jury were told that the evidence was conflicting, and that if they could not harmonize it, they should find in favor of that which was most clear. Perhaps the judge ought not to say to the jury that the evidence is conflicting; but whether so or not, is of no consequence in the present case—the money item was not disputed except as to the way the loan was made, and that was of no moment. It did not vary the rights of the parties in the least. The evidence to which the charge applied was quite irrelevant to any real issue in the case: 12 *Georgia Reports*, 213.

We will add, that in granting a new trial at all in this case, we carry our obedience to the statutory mandate up to the highest notch. It is more than probable that the defendants were not the least injured by the manner in which the judge instructed the jury; but still, the charge was improper, and we think it best to abide by the words of the statute where there is a possibility that the impropriety may have had the slightest influence on any material point.

Judgment reversed.