## JONES *vs.* THE STATE OF GEORGIA.

1. That the judge in a criminal case stated in regard to an immaterial point that there was no conflict, when in fact there was no dispute on that point, will not necessitate a new trial.

(a) While it may not have been best for the court to state the law in regard to the crime of murder in an interrogative or argumentative way, yet where it was not so done as to injure the defendant, a new trial will not be granted on that ground.

2. Where the indictment charged two modes in which the killing was done, if the evidence showed that the defendant was guilty, it made no difference whether death resulted from one mode or the other, or both.

3. The jury are no more judges of the law and facts in a case of circumstantial evidence than in other criminal cases.

4. The verdict is supported by the evidence.

Criminal Law.    Charge of Court.    New Trial.    Before Judge HOOD.    Randolph Superior Court.    May Term, 1880.

Jones was indicted for the murder of his little step-son.

One count in the indictment charged death by strangulation, another by burning. The corpse when found was in the fire-place. . It bore marks both of burning and strangulation. The court charged, among other things, as follows : " If it be true, under the evidence (under the rules of law I will hereafter give you in charge) as charged by the state in this case, that the accused, Luther Jones, killed this child of tender years (there being no dispute as to the age of the deceased), you will look to the evidence and see what was the provocation for the deed, what circumstances of alleviation, palliation, or justification are in the case ; if the circumstances are not shown does it not follow that the killing shows an abandoned and maglignant heart, etc.?  *  *  *  If, therefore, you should find from the evidence (and I express no opinion on the evidence in the case) that the deceased was killed by the defendant," etc.

Defendant was convicted. He moved for a new trial, which was refused, and he excepted.

For the other facts, see the decision.

R. E. KENNON ; W. C. WORRILL, by brief, for plaintiff in error.

R. N. ELY, attorney-general ; JAS. T. FLEWELLEN, solicitor-general, by JNO. PEABODY, for the state.

JACKSON, Chief Justice.

The defendant was indicted for the offense of murder, in that he killed his step-son, a little boy six years old, by strangulation or by burning. The testimony is circumstantial ; but this is the third verdict, two new trials having been granted by this court before on errors of law. See pamph. dec., September term, 1879, p. 13 ; *Ib.*, February term, 1880, p. 36.

The motion for a new trial now is predicated upon the ground that the evidence is not sufficient to sustain the

verdict, and that the court erred in three particulars in the charge.

1. The first is an allegation that the judge expressed an opinion on the evidence in that he said that there was no dispute about the age of the child who was killed. The truth is that there was not only no conflict in the testimony about the child'sage, but no dispute about it at all. Nor was it material. The fact is he was a little innocent child and the exact age made no difference. The judge too, did comment on the heinous nature of the crime, but made no intimation that defendant committed it. The allusion to the age was parenthetical and merely incidental, and to hold such an allusion error under §3248 of the Code, and to grant a new trial on that ground, would be to bring the administration of justice into disrepute. The comments of the court in interrogative and rather argumentative style on the heinous character of the offense, but with no intimation of opinion that this defendant was the person who perpetrated it, while perhaps not altogether necessary to the adjudication of the law of the case, are not violations of the law and cannot be so pronounced.

2. The second ground is no stronger. There are two counts in the indictment, one for murder by strangulation, the other by burning. The judge said if the child was killed by defendant, and the facts made a case of murder in the judgment of the jury, it did not matter whether defendant used one or the other, or both of the modes, and the death resulted therefrom. We see no error in this charge.

3. The third error assigned on the charge, we think, is as weak as the others. It is that the court said, after having given in charge to the jury their full rights in regard to their being judges of the law as well as the facts, that they were no more judges of the law in cases of circumstantial testimony than in cases of direct evidence. We are not aware that the law makes their power or right to

be judges of it greater or less in the one case than in the other, and we can see no error in the judge so instructing the jury.

The testimony, though circumstantial, points to the defendant as the perpetrator of this heinous crime, and points to him with sufficient moral assurance of his guilt to satisfy the jury and to authorize their finding.

Though a terrible crime, yet as the evidence of guilt was from circumstances alone, the jury very properly remitted the death penalty and sent the defendant to the penitentiary for life. He must abide that sentence.

Judgment affirmed.