### FAULKNER *et al.* *v.* FAULKNER *et al.*

84    73
e129  726

1. On the trial of a case made by a bill for cancellation of deeds on account of fraud and undue influence in procuring them to be executed, a physician having testified for the defendants as to the mental capacity of the grantor, the court's charge, which stated fully what was expert testimony, was not erroneous for not stating that the physician was an expert witness; it being presumable that this fact was insisted upon by defendants' counsel.
2. The defendants not having pleaded that the deeds were deeds of gift, and they appearing on their face to be deeds of bargain and sale for a valuable consideration, it was not error not to charge upon whether they were deeds of gift made upon only a good consideration; nor was it error to charge that inadequacy of consideration was a circumstance, connected with other facts in the case, to show fraud in their procurement.
3. The law upon the only issues made by the pleadings having been fairly submitted to the jury, and the evidence authorizing the verdict, the refusal of a new trial was correct.

December 6, 1889.

Deeds. Fraud. Evidence. Charge of court. Pleadings. Practice. Consideration. Verdict. Before Judge WELLBORN. Hall superior court. January adjourned term, 1889.

Reported in the decision.

J. B. ESTES and W. F. FINDLEY, for plaintiffs in error.
PERRY & DEAN and M. L. SMITH, *contra.*

BLANDFORD Justice.·

This was a bill filed by the defendants in error against the plaintiffs in error to set aside two certain deeds made by Peter Faulkner, the testator and father of the parties to this case. A verdict was rendered setting aside the deeds. The defendants in the court below moved for a new trial, which was overruled by the court, and they excepted, assigning for error the several grounds taken in the motion for a new trial. The bill filed by the defendants in error alleged that the grantor in said deeds was without capacity to make the same; and second, that said deeds were procured by the improper and undue influence of the plaintiffs in error. To this one of the plaintiffs in error filed an answer (the other filed no answer so far as the record discloses), in which answer he denied simply the allegations in the plaintiffs' bill. The deeds showed upon their face that they were mere ordinary deeds of conveyance, bargain and sale, the consideration expressed therein being five dollars. There is nothing to show that the deeds were made on account of natural love or affection, or that the same were merely deeds of gift.

1. The main ground complained of is embraced in the 5th ground of the motion for a new trial, in that the charge of the court does not define expert testimony, nor who were expert witnesses. It appears that one Dr. Bailey was sworn as a witness in this case, and that he testified as to the capacity of the grantor in these deeds to make the same; other witnesses having testified, giving the facts upon which their testimony was based, that the grantor did not have the capacity. The court told the jury what was expert testimony, and gave this fully in charge to the jury, but did not state that Dr. Bailey was an expert witness, he being a physician.

Dr. Bailey testified for the plaintiffs in error. We think, under the circumstances of the case, that the charge was sufficiently explicit as not to mislead the jury, inasmuch as it is to be presumed that counsel for the plaintiffs in error insisted that Dr. Bailey, being a physician, was an expert witness. .

2. The next ground relied upon is, that the court stressed the theory of the defendants in error, and specially pointed out what they insisted upon, but never mentioned what defendants claimed or insisted upon, to wit, that the plaintiffs in error insisted that the deeds were deeds of gift, and not made upon a valuable consideration but only upon a good consideration; and that the court specially stressed the fact that inadequacy of consideration was a circumstance, connected with other facts in the case, to show that there was fraud in the procurement of the deeds. It does not appear from the pleadings in this case that the plaintiffs in error insisted before the court that the deeds sought to be set aside were deeds of gift. The deeds themselves show that they were deeds of bargain and sale for a valuable consideration, and no pleadings of the plaintiffs in error alleged or showed that the deeds were merely voluntary conveyances and deeds of gift. And there is no complaint made otherwise to the charge of the court.

3. The questions made by the bill filed to set aside these deeds were, first, that the grantor did not have capacity to make the same; and, second, that he was induced to make the same by undue and improper influences exercised over him by the plaintiffs in error. And this, indeed, was the only issue, as appears from the pleadings, which was made by the parties to this case. The law was fairly submitted by the court to the jury upon the questions made in the pleadings, and there is no complaint made by the plaintiffs in error

that the same was not correct. The evidence abun-
dantly sustains the verdict rendered in this case, and
the judgment of the court below is affirmed.

The cross-bill of exceptions filed in this case is dis-
missed, as under the view which we take of it, it is un-
necessary to consider the same.     *Judgment affirmed.*