## TANNER *v.* THE STATE.

1. An indictment duly returned as true, with proper indorsement signed by the foreman of the grand jury, is presumed to have been regularly found with the concurrence of the requisite number of that jury. The burden of proof on plea in abatement was on the accused. Where such plea alleged that only nineteen grand jurors were present when the indictment was acted on, and but eleven of them voted for returning a true bill, and the issue thus raised was decided against the plea, the same point could not again be raised when, during the trial, a witness testified that the indictment received the vote of only eleven grand jurors.
2. Affidavits in support of a contention that one of the trial jury was not impartial, but had made statements, before his selection, showing that he entertained a fixed opinion that the accused was guilty, and the affidavit of the juror referred to, denying that he made the statements attributed to him, formed an issue for determination by the trial judge, whose decision will not be disturbed on review.
3. Where evidence was ruled out on motion, its previous admission furnished no cause for new trial.
4. If certain letters received in evidence were irrelevant and not binding on the accused, their admission was harmless.
5. Where it appeared that a note referred to by a witness was in possession of a foreign corporation, it was not error to overrule an objection that there was better evidence of the contents of the note.
6. Assignments of error not referred to in counsel's brief are abandoned.

---

Criminal Law, 16 C. J. p. 412, n. 77; p. 413, n. 15; p. 414, n. 41; p. 616, n. 88; p. 748, n. 53; p. 872, n. 77; p. 987, n. 73; p. 1139, n. 55; 17 C. J. p. 161, n. 63; p. 211, n. 1, 8; p. 212, n. 18; p. 216, n. 46; p. 238, n. 26; p. 317, n. 10.

Homicide, 30 C. J. p. 312, n. 42.

7. Under the code and previous decisions, the admission of certain opinionative testimony was not erroneous.

8. Where the solicitor-general, for the purpose of discrediting the testimony of a witness, charged that he was a member of the grand jury and made every effort to block the finding of the indictment on trial, it was not competent, for the purpose of meeting such attack, to introduce the testimony of this witness to prove the allegation of the plea in abatement referred to in the first headnote.

9. In the circumstances appearing of record, a new trial is not required because, on admitting in evidence, over objection by the State, an anonymous letter which the accused contended was written by a State's witness (its authorship being in dispute under the evidence), the judge remarked that he did not think it had any probative value.

10. Exclusion, on motion of counsel for the accused, of testimony previously admitted was no cause for new trial.

11. There was no abuse of discretion in reopening the evidence and receiving additional testimony.

12. The instruction as to the duty of the jury to acquit the accused on finding of homicide by accident or misfortune was not error for any reason assigned.

13. Where counsel for the accused, in response to the court's inquiry, stated that the only grades of homicide involved were murder or accidental homicide, it is no cause for new trial that the court did not give in charge to the jury the law of involuntary manslaughter.

14. The evidence supported the verdict.

No. 5563. NOVEMBER 10, 1926. REHEARING DENIED NOVEMBER 25, 1926.

Murder. Before Judge Camp. Johnson superior court. June 18, 1926.

*C. S. Claxton, A. W. Evans, George C. Evans, Winfield P. Jones,* and *Hightower & New,* for plaintiff in error.

*George M. Napier, attorney-general, Fred Kea, solicitor-general, T. R. Gress, assistant attorney-general, J. L. Kent, W. C. Brinson, E. L. Stephens,* and *J. J. Harris,* contra.

HINES, J. J. J. Tanner and C. G. Rawlings were jointly indicted for the murder of Gus Tarbutton. Tanner was separately tried and convicted. His motion for a new trial was overruled. To that judgment he excepted. This is the second appearance of his case in this court. *Tanner* v. *State,* 161 *Ga.* 193 (130 S. E. 64).

Before arraignment and plea to the merits, the defendant filed a plea in abatement upon the ground, that the indictment which had been returned against him and indorsed as a "true bill" was illegal and void, because, while it purports upon its face to have been acted upon by twenty-two grand jurors, only nineteen grand jurors were present when it was acted upon, and only eleven grand

jurors voted in favor of returning a true bill. This plea was traversed by the State. The defendant, in support of his plea, introduced in evidence the minutes of the grand jury at the March term, 1925, of Johnson superior court, showing the proceedings of that body on the day said indictment purports to have been found true by said grand jury. The minutes of that day showed the statement of the case, the presence of twenty-two grand jurors, the names of the witnesses, and an entry of "true bill." The State introduced in evidence the bill of indictment with all entries thereon. This instrument contains the names of twenty-two grand jurors, and on it there is an indorsement of "true bill" signed by "R. R. Martin, Foreman." It was returned to the March term, 1925, of Johnson superior court. Thereupon the court passed an order overruling the plea in abatement. To this judgment the defendant excepted upon the ground that the minutes of the grand jury for the March term, 1925, of Johnson superior court, showed that no such bill had been voted true and ordered returned into court, and that it appeared from the evidence that said indictment was absolutely void.

1. When an indictment is duly returned as a true bill, properly indorsed, and with the signature of the foreman, the presumption is that it was regularly found, and by the concurrence of the requisite number of grand jurors. Low's Case, 4 Me. 439 (16 Am. D. 271); English v. State, 31 Fla. 356 (12 So. 689); Nash v. State, 73 Ark. 399 (84 S. W. 497); U. S. v. Wilson, 28 Fed. Cas. 725, No. 16,737 (6 McLean, 604); Creek v. State, 24 Ind. 151; Hopkins v. State, 4 Okla. Cr. 194 (108 Pac. 420, 111 Pac. 947); Eubanks v. State, 5 Okla. Cr. 325 (114 P. 748); 31 C. J. 585, § 49. The burden was upon the defendant to sustain the allegations contained in his plea in abatement. The evidence introduced by him tended to sustain the above presumption, and not the facts alleged in his plea.

Movant contends that after his plea in abatement was overruled, and during the trial of his case, it appeared by the testimony of a witness that when the indictment was acted upon by the grand jury the same received the vote of only eleven grand jurors, and failed to receive the vote of twelve grand jurors; and that it was the duty of the court, when this fact was made to appear, to immediately suspend the trial of the case, because, under the con-

stitution and laws of this State, said indictment was absolutely void, and further trial of his case was a nullity after this fact appeared, and the verdict finding him guilty and the sentence of the court imposed upon him were illegal and void. The point that the indictment did not receive the vote and sanction of twelve grand jurors could only be made by plea in abatement, and not after his plea in abatement raising this point had been decided against him, and during the progress of the trial before the traverse jury. *Turner* v. *State,* 78 *Ga.* 174.

The defendant seeks a new trial upon the ground that one of the jury trying his case was biased and prejudiced against him, was not perfectly impartial between him and the State, and had entertained a fixed opinion of his guilt before he was selected as such juror, which was unknown to movant and his counsel, in that said juror had made a statement to one Ben Akridge that he believed that the defendant, "J. J. Tanner, was guilty of the murder of G. A. Tarbutton, and that the said Tanner ought to be hung for it;" and in that said juror had made a statement to one J. J. Powell that "J. J. Tanner and C. G. Rawlings were guilty of the murder of G. A. Tarbutton, and that they ought to be hung for it;" and in that said juror had made a statement to H. E. and H. Blount that "if he was in Fluker Tarbutton's place he would not go to court with the case against J. J. Tanner and C. G. Rawlings, but that he would take his shotgun and blow their brains out, that they were guilty of murdering Mr. Tarbutton." The defendant offered, to sustain this ground, the affidavits of said parties, in which they deposed that the juror made to them the respective statements recited above; the affidavits of defendant and counsel, that they did not know of said statements and the bias and prejudice of said juror before the verdict had been returned; and affidavits of various persons, sustaining the good character and credit of the affiants who deposed that said respective statements had been made by the juror to them. The State, in rebuttal, introduced the affidavit of the juror, in which he denied that he made the statements attributed to him by the affiants. The affidavits tending to show disqualification of the juror, and the counter-affidavit of the juror submitted by the State in rebuttal, formed an issue for determination by the trial judge; and his decision of the question thus made will

not be disturbed by this court. *Elliott* v. *State,* 132 *Ga.* 758 (3) (64 S. E. 1090) ; *Wilkie* v. *State,* 159 *Ga.* 559 (4) (126 S. E. 383).

3. In the third and fourth special grounds of the motion for new trial the defendant asserts that the court erred in admitting certain evidence, over his objections. In notes to these grounds the judge certifies that on motion of counsel for the defendant he ruled out the evidence the admission of which is complained of. These grounds, in view of these notes of the judge, are without merit.

4. In the fifth ground the defendant insists that the court erred in admitting, over his objection, the following letters, to wit:

"Sandersville, Ga. Feby. 9, 1925.

"S. W. McCallie, Atlanta, Ga.

"Dear Sir: I have your letter of February 7th, and in answer will say this lot with several hundred acres adjoining it belongs to C. G. Rawlings, and the exact location of these deposits are at Ring Jaw Bluff on the Oconee River in Johnson County, Ring Jaw District. Anything more you want me to do please let me know, and oblige. Yours very truly, C. G. Rawlings."

"Sandersville, Ga. February 13, 1925.

"Mr. S. W. McCallie, State Geologist, Atlanta, Ga.

"Dear Sir: I would appreciate if you could give me an analysis of the material sent you by Tuesday 17th, as I have to let a party know about an option by that date.

"Yours very truly, C. G. Rawlings."

Movant objected to the admission of these letters, upon the grounds: (a) that they were hearsay; (b) they were declarations of a third party, not binding on him; and (c) that there was no proof of their execution. When this case was here before, this court held that these letters were properly admitted over the objection that they were irrelevant and that their execution had not been proved. *Tanner* v. *State,* supra. This is now the law of this case, the evidence as to their execution on both trials being the same. Furthermore, if they were not binding upon the defendant and were irrelevant, their admission was harmless. See headnote 6 of the decision in this case when it was here before, above cited.

5. In the sixth ground of the motion for new trial the defend-

ant complains that the court erred in permitting, over his objection, Thomas J. Peters to testify as follows: "I got a note for the payment of this insurance. This note is now in the hands of the Southern States Life Insurance Co., an Alabama corporation. The amount of this note was $2300 or $2400." The defendant objected to this evidence, on the ground that there was higher and better evidence of the contents of the note testified about by this witness. It appears that this note was in the hands of an Alabama corporation. Secondary evidence of the contents of a writing is admissible when it is made to appear that the writing is beyond the jurisdiction of the court. *Lundy* v. *Thomas,* 26 *Ga.* 537; *Brown* v. *Oattis,* 55 *Ga.* 416 (4); *Schaefer* v. *Georgia Railroad,* 66 *Ga.* 39 (3); *Bowden* v. *Achor,* 95 *Ga.* 243 (5) (22 S. E. 254).

6. The other grounds of the amendment to the motion for new trial, which are not referred to in the brief of counsel for plaintiff in error and not herein dealt with, are considered abandoned. *Crawford* v. *State,* 149 *Ga.* 485 (100 S. E. 633).

7. In the eighth ground of the motion for new trial the defendant asserts that the court erred in permitting M. E. Crow, a witness for the State, to testify, over his objections, as follows: "If Mr. Tanner had been over there at that little bush and had shot Mr. Tarbutton, the shot would have gone in back of his head along here [indicating on Mr. Stephens' head] and come out here in front, and the brain would have gone on down where that did go." The defendant objected to the admission of this testimony, on the grounds, (a) that it was an opinion of the witness, (b) that it was a conclusion of the witness, and (c) that it invaded the province of the jury, who alone should say what conclusion should be drawn from the testimony. Generally, a witness should be confined to a statement of the facts, his opinions being irrelevant and inadmissible; and it is the peculiar province of the jury to draw deductions and form conclusions from the facts shown by the evidence. Opinions are generally admitted from the necessity of the case. *Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 370 (2) (40 S. E. 239); *Southern Mutual Insurance Co.* v. *Hudson,* 115 *Ga.* 638 (2) (42 S. E. 60). But where the question under examination and to be determined by the jury is one of opinion, any witness may swear to his opinion or belief, giving his reasons

therefor. Penal Code, § 1047. A witness may give an opinion as to the cause of an accident, provided the opinion be accompanied by the reasons upon which it is based. *Central Railroad* v. *Coggin,* 73 *Ga.* 689; *Central Railroad* v. *Senn,* 73 *Ga.* 705; *Georgia Railroad* v. *Bryans,* 77 *Ga.* 429 (2); *City Council of Augusta* v. *Lombard,* 93 *Ga.* 284 (5) (20 S. E. 312). Where it is an opinion question at what a horse became frightened, a witness, after stating the facts, may testify that he was pretty certain the animal took fright at a particular object. *Atlanta &c. Ry. Co.* v. *Beauchamp,* 93 *Ga.* 6 (19 S. E. 24). A non-expert may give his opinion, based on facts sworn to by himself, as to the cause of a certain person's death, there being no question of skill or science involved requiring the resort to expert testimony. *Everett* v. *State,* 62 *Ga.* 65; *McLain* v. *State,* 71 *Ga.* 279 (4); *Wise* v. *State,* 100 *Ga.* 68 (25 S. E. 846). One who is not an expert may, after describing the wound, give his opinion that it caused death, and may give his opinion, with the reasons therefor, that the deceased could not have inflicted the wound himself. *Everett* v. *State,* supra. In view of these rulings, the court did not err in admitting the evidence of which the defendant complains in this ground.

8. In the ninth ground of his motion for new trial the defendant complains that the court erred in excluding from the consideration of the jury the testimony of T. J. Burke, who testified in his behalf, that there were but nineteen jurors in the grand-jury room when the bill of indictment was found, that only eleven voted in favor of the bill, and that seven or eight voted against it. Movant contends that the court erred in this ruling, for the reasons: (a) that the solicitor-general had made an attack upon the witness for the purpose of discrediting his testimony, charging that the witness was a member of the grand jury which had under consideration the bill of indictment against him, and made every effort to block the finding of the indictment; and this testimony was material for the purpose of showing that not only this witness but seven other grand jurors voted against the return of true bill in this case; (b) that when the witness was questioned as to his conduct while acting as a grand juror in passing upon the indictment in this case, it was his right to testify to all the facts which occurred in the same connection, for the purpose of repelling the assault made upon him by the solicitor-general; and (c) that

it is always relevant to show, at any stage of the proceedings in the trial of a criminal case, that the bill upon which the defendant is being tried is illegal and void. In a note to this ground the trial judge certifies that he excluded this evidence because the issue of the invalidity of the indictment had been raised by special plea and overruled. T. J. Burke was a member of the grand jury which returned this bill.

Grand jurors can not be sworn to impeach their own finding. *Turner* v. *State,* 57 *Ga.* 107; *Simms* v. *State,* 60 *Ga.* 145. Evidence touching a matter good in abatement to an indictment can not be introduced after arraignment and a plea to the merits and during the progress of the trial of a defendant under the issue thus formed; and especially is this so when a plea in abatement setting up such matter has been heard and determined against the defendant. The burden is upon the defendant to show error in the above ruling. The evidence excluded by the court was that of a witness introduced by the defendant for the purpose of repelling an attack made upon him by the solicitor-general, based upon the ground that the witness while a member of the grand jury which had returned the bill of indictment had made every effort to block the finding thereof, and to meet such attack the defendant proposed to show by this witness that seven other grand jurors voted against the return of the indictment. This evidence was incompetent for the purpose offered, and for this reason the court did not err in rejecting it.

9. The defendant offered in evidence a letter, a copy of which is as follows:

"On the road, February 19th.

"Mr. Sheriff:

"Dear Sir:—You are on the right track. Rawlings and Tanner are guilty as hell. Rawlings has been planning this killing for some days. I know that Tanner has been worried about something, and I am sure that he has been thinking about this killing of Tarbutton. Rawlings has also been studying it. There is one man in Johnson County that could tell you all about it, but he is afraid of Rawlings. I will return to Wrightsville some time in March.                    Very respectfully, Traveler."

The State objected to the admission thereof. The court over-

ruled the objection of counsel for the State, and admitted the letter in evidence. In admitting said letter the trial judge, in the presence and hearing of the jury, remarked, "I do not think it has got any probative value." In the tenth ground of the motion for new trial the defendant complains that the court erred in making said statement, upon the grounds: (a) that if the testimony was incompetent it should have been rejected by the court; and if competent, the defendant was entitled to the full benefit thereof before the jury, without any disparagement of it by the court; and (b) that the court expressed an opinion upon the weight and credit to which this testimony was entitled. The defendant contends that this letter was written by Noah Covington, who testified as an eye-witness to the homicide, in behalf of the State, and that the same was admissible to contradict and impeach this witness. The authorship of this letter was in dispute under the evidence. If this letter was not written by this witness, then the statements therein were hearsay, and had no probative value. *Claflin* v. *Ballance,* 91 *Ga.* 411 (18 S. E. 309); *Eastlick* v. *Southern Railway Co.,* 116 *Ga.* 48 (42 S. E. 499); *Suttles* v. *Sewell,* 117 *Ga.* 214 (43 S. E. 486); *Equitable Mortgage Co.* v. *Watson,* 119 *Ga.* 280, 283 (46 S. E. 440). In these circumstances the court could, as a matter of law, instruct the jury that the letter had no probative value. If the letter was written by the witness Noah Covington, it was irrelevant for the purpose of contradicting and impeaching this witness, as it tended to corroborate his testimony upon the stand, and in no way tended to contradict and impeach him. A previous statement made by a witness, to be impeaching, must refer to matters relevant to his testimony and to the case, and must contradict some matter testified to by him. Civil Code (1910), § 5881. Otherwise, the attempt to impeach will be unsuccessful. *Matthis* v. *State,* 33 *Ga.* 24, 31. This letter thus tending to strengthen rather than impeach this witness was entirely irrelevant for the purpose of his impeachment; and being thus irrelevant for this purpose, the comment of the court on its lack of probative value does not require the grant of a new trial, under the provisions of the Penal Code, § 1058. *Fitzgerald* v. *State,* 12 *Ga.* 213; *Johnson* v. *State,* 30 *Ga.* 426 (4); *DeSaulles* v. *Leake,* 56 *Ga.* 365 (3); *Elder* v. *Cozart,*

59 *Ga.* 199 (2) ; *Jones* v. *State,* 65 *Ga.* 621. Counsel for the defendant having had full opportunity of moving for a mistrial on the ground of this statement of the court in the presence and hearing of the jury, and having failed to do this, the defendant can not, after the return of the adverse verdict, have that verdict set aside and a new trial granted. *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184) ; *Moore* v. *McAfee,* 151 *Ga.* 270 (11) (106 S. E. 274) ; *Barnett* v. *Strain,* 151 *Ga.* 553 (5) (107 S. E. 530) ; *Kay* v. *Benson,* 152 *Ga.* 185 (108 S. E. 779) ; *Waddell* v. *State,* 29 *Ga. App.* 33 (5) (113 S. E. 94).

10. In the twelfth ground of the motion for new trial the defendant complains that the court erred in excluding from the jury, after it had been previously admitted, certain testimony of a witness for the State, which was set out in that ground. In a note to this ground the court states that he excluded this testimony on the objection of the defendant's counsel on a later examination of the same witness. This evidence having been excluded from the consideration of the jury on the motion of counsel for the defendant, its exclusion furnishes no ground for the grant of a new trial.

11. In the thirteenth ground of the motion for new trial the defendant alleges that the court erred in permitting a named witness to testify over his objection to certain facts set out in this ground. The defendant objected to the admission of this testimony, on the ground that the State had closed its case and the defendant had closed his testimony, that the evidence was not in rebuttal of that offered by him, and that it should have been introduced by the State in chief. This was a matter resting in the discretion of the court, and we can not say that the court abused its discretion in the matter.

12. The court charged the jury as follows: "On the other hand, gentlemen of the jury, if after an equal, fair, honest, and impartial analysis of this evidence, the defendant's statement, and the law given you in charge by the court, you believe that the defendant killed Mr. Tarbutton through an accident or misfortune, and without any evil design, intention, or culpable negligence on his part, that it would be your duty to acquit the defendant." To this charge the defendant excepts upon the grounds: (a) that it imposes upon him a greater burden than the law required him to

carry; (b) that it misled the jury into believing that if they found from the evidence that the defendant was guilty of neglect in failing to put the safety on his gun as he walked down the sharp incline, that fact alone would justify them in finding him guilty of murder; and (c) that if the death of the deceased was in fact due indirectly to neglect on his part, however culpable, if as a matter of fact his death was due to an accident, which occurred after his neglect in failing to put the safety on his gun, the defendant could not be guilty of murder, but of a lower grade of homicide. This charge was not error for any of the reasons assigned. *Allen* v. *State,* 134 Ga. 380 (67 S. E. 1038).

13. In the sixteenth ground of the motion for new trial, the defendant complains that the court erred in failing to charge the jury on the law of involuntary manslaughter, both in the commission of an unlawful act and in the commission of a lawful act without due caution and circumspection. In a note to this ground the court states that counsel for the defendant at the conclusion of the evidence was asked by the court if he contended that any theory of homicide was involved except murder and accidental homicide; and that counsel replied that there were no other theories involved, and fully outlined his contentions as to murder and homicide by misfortune in his argument before the jury. Where counsel for the defendant, in response to an inquiry by the court as to what grades of homicide were involved in a case, replied that the only grades involved were murder or accidental homicide, the defendant can not after conviction complain that the court erred in not giving in charge to the jury the law of involuntary manslaughter. *Coney* v. *State,* 90 *Ga.* 140 (15 S. E. 746); *Threlkeld* v. *State,* 128 *Ga.* 660 (58 S. E. 49).

14. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*