## SPIKES *v.* THE STATE

No. 11346. NOVEMBER 11, 1936.

*Bennett & Bennett,* for plaintiff in error

*M. J. Yeomans, attorney-general, John S. Gibson, solicitor-general, B. D. Murphy,* and *E. J. Clower,* contra.

ATKINSON, Justice. Wilson Spikes and Mrs. Paul Hargraves were jointly indicted for the murder of Paul Hargraves, committed by shooting him with a shotgun. On a separate trial Wilson Spikes was convicted, without any recommendation by the jury. The exception is to a judgment overruling the defendant's motion for a new trial.

■ A witness testified to having seen several shot holes in the body of the deceased, apparently coming from different ranges, some from the front and some from the side. The witness was

280

then asked: "Would it have been possible for those shots to have been placed that way in the body from one shot, or would there have had to have been two shots from different angles?" Objection to this question was urged on the ground that it elicited a conclusion of the witness who had not qualified as an expert. The witness then answered, in response to questions propounded to him, that he had shotguns, was familiar with the operation of shotguns, and with the courses that would be taken by the shot from such guns. He was then asked to answer the question above quoted. Objection was again urged that the witness had not qualified as an expert. The objection was overruled, and the witness was permitted to answer: "I think there would have had to have been two." Whether or not the witness was shown to be an expert as defined in *Macon Railway & Light Co.* v. *Mason,* 123 *Ga.* 773 (51 S. E. 569), the court did not err in admitting the opinionative testimony. *Tanner* v. *State,* 163 *Ga.* 121 (7) (135 S. E. 917); *Nunn* v. *State,* 143 *Ga.* 451 (85 S. E. 346).

■ The court charged the jury as follows: "The defendant in this case has filed his plea of not guilty. He contends that, while he killed the deceased, that he did it under threats or menaces which sufficiently showed that his life or member was in danger. He contends further, gentlemen of the jury, that he was not mentally responsible at the time of the commission of the alleged offense. A person committing a crime or misdemeanor under threats or menaces which sufficiently show that his life or member was in danger, or that he had reasonable cause to believe, and did actually believe, that his life or member was in danger, shall not be found guilty; and such threats or menaces being proved and established, the person compelling by such threats and menaces the commission of the offense shall be considered a principal and suffer the same punishment as if he had perpetrated the offense. I charge you in this connection, in order for duress or fear produced by threats or menaces to be a valid, legal excuse for doing anything which would otherwise be criminal, the act must have been done under such threats or menaces as show that life or member was in danger, or that there was reasonable cause to believe, and actual belief, that there was such danger. The danger must not be one of future violence, but of present and immediate violence at the time of the commission of the forbidden

act." It was alleged that this charge was erroneous, for the following reasons: "The substance of said charge taken as a whole is that the court was charging that section which refers to persons acting under fear and known as section 41 of the Criminal Code (Michie's Code of Georgia of 1926) [Code of 1933, § 26-402]. To charge this section or a mere elaboration of this section alone in a case of this kind is error, for the reason that it is insufficient to explain to the jury the law of malice which is the gist of murder. The court should have charged, in addition to the above, the following or its equivalent: 'I charge you that murder does not consist merely in the killing of a human being; the killing must be done with malice. When the fact of the killing is shown, and the evidence adduced to establish the killing shows neither circumstances of justification nor alleviation, malice may be inferred. Likewise, if the statement of the defendant admits the homicide without explanation, malice may be inferred from such admission. But if at the time of the admission the homicide is justified, such qualification of the admission of the homicide robs it of the vital element of murder, and the burden would still be on the State to show that the killing was done with malice.'" In a note made by the court at the time of approval of the grounds of the motion for new trial, it was stated: "Counsel for movant upon the trial of the within case, after the evidence was submitted and when counsel for the movant opened his argument to the jury in said case, he cited the law and read the same to the court as set out in ground five of amended motion for new trial as having been given in charge by the court. The court was of the opinion then that this law was not applicable to the case under the evidence submitted; but in order to give the defendant the benefit of this contention as made by counsel upon the trial of the case, the court charged all the law cited by counsel for said defendant." In the light of this note and of the general charge on the subject of malice, the charge was not erroneous as against the defendant for the reasons assigned.

(*a*) The only statement relating to the doctrine of reasonable fears is contained in the defendant's statement not under oath before the jury, and there was no written request to charge on that doctrine.

(*b*) The case differs on its facts from *Manning* v. *State*, 153

282

*Ga.* 184 (111 S. E. 658), and *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), and similar cases cited in the brief for plaintiff in error.

■ The evidence was sufficient to support the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*