20364. BAGWELL & STEWART, INC., *et al. v.* BENNETT *et al.*

DUCKWORTH, Chief Justice. This is the second appearance of this case in this court. The former appearance (*Bennett* v. *Bagwell & Stewart, Inc.*, 214 *Ga.* 115, 103 S. E. 2d 561) involved an exception to a ruling on a plea to the jurisdiction. The lower court had already overruled general demurrers to the petition before ruling on the plea, and an exception was not made to the overruling of the demurrers at the first opportunity in the former appearance. Thereafter, the case proceeded to trial and the jury found for the plaintiffs. The defendants then filed their motion for new trial, which was amended to add two special grounds. After a hearing, the amended motion was denied, and the exception here is to that judgment and to the earlier ruling overruling the general demurrers. *Held:*

1. The ruling in *Bennett* v. *Bagwell & Stewart,* 214 *Ga.* 115, at page 116, supra, in the first appearance of this case, that the unexcepted-to rulings on the defendant's general demurrers fixed the law of the case, makes it unnecessary to rule on the exceptions to the overruling of the demurrers here, which come too late, the defendants having failed to except at the first opportunity, thus establishing the law of the case that a cause of action was alleged.

2. The objections raised in the first special ground of the amended motion for new trial were to the refusal of the court to exclude testimony of witnesses to the effect of odors on the health or the welfare of people other than the witness.

The testimony by these witnesses for the plaintiffs was that they noticed the nauseating effects the odor had on members of their families, that certain members of their families were made sick and vomited because of the odor, and they also related the circumstances with reference to their observations as to the odor and its effects on themselves and their families. Hence the testimony expressed the personal observations of the witnesses. Thus, it was not subject to the complaint that it was purely hearsay or expert, or there was other testimony which these witnesses were not qualified to give. See *Macon Ry. & Light Co.* v. *Mason*, 123 *Ga.* 773 (8) (51 S. E. 569); *Stewart* v. *Wilson*, 92 *Ga. App.* 514, 517 (88 S. E. 2d 752). Whether or not this testimony was opinionative or expressed the conclusions of non-expert witnesses without basis in fact, no objection was made to the evidence on these grounds. See *Nunn* v. *State*, 143 *Ga.* 451 (85 S. E. 346); *Tanner* v. *State*, 163 *Ga.* 121 (7) (135 S. E. 917); *Spikes* v. *State*, 183 *Ga.* 279, 280 (188 S. E. 454). Therefore, this ground is without merit.

3. The court properly refused to give the written request to charge with reference to certain sections of the act regulating and controlling rendering plants (Ga. L. 1953, Jan.-Feb. Sess., pp. 480, 489; Code, Ann., § 62-1708 et seq.), dealing with the licensing on the part of the operators, rule-making powers of the Commissioner of Agriculture, the revocation of licenses, and the requirement that persons affected thereby exhaust certain administrative remedies, and that, if the jury found from the evidence that the defendants had complied with the law, the jury was authorized to take these facts into consideration in determining whether or not the operation of the rendering plant constituted a nuisance as claimed, since most of this law was not involved in any way under the pleadings. The court did charge on portions of the written request which were applicable, but since the entire request was not precisely adjusted to the principles involved, the court did not err in refusing to charge in the language of the request or all of it. Code (Ann.) § 70-207; *Faulkner* v. *Faulkner*, 84 *Ga.* 73 (3) (10 S. E. 504); *Martin* v. *Nichols*, 127 *Ga.* 705 (2) (56 S. E. 995); *Lewis* v. *State*, 196 *Ga.* 755 (27 S. E. 2d 659); *Grant* v. *Hart*, 197 *Ga.* 662, 676 (30 S. E. 2d 271); *Teasley* v. *State*, 202 *Ga.* 316 (3) (43 S. E. 2d 319); *Spain* v. *Spain*, 203 *Ga.* 411 (2) (47 S. E. 2d 279); *Randall* v. *State*, 210 *Ga.* 435 (80 S. E. 2d 695). Hence there is no merit in the second special

ground, complaining of the refusal to charge as requested in writing.

4. The evidence, although conflicting on many of the issues and particularly as to the nuisance feature of the operation of the rendering plant, amply supports the verdict and proved the case as alleged of a continuing nuisance specially injurious in specified particulars to the plaintiffs and their property. Thus the general grounds are without merit. For the reasons stated above, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1959—DECIDED MARCH 6, 1959.

*Leon Boling, H. G. Vandiviere, H. T. Buffington, Jr.,* for plaintiffs in error.

*Emory F. Robinson, Wheeler, Robinson & Thurmond,* contra.