## SMITH *v.* SOUTHSIDE MANUFACTURING COMPANY.

It is not erroneous to reject evidence offered as a whole and tending to show damages resulting from several days' delay in complying with a contract, when it is manifest that the party claiming such damages is in no event entitled to hold the other party responsible for any greater damages than would have ensued from delay of a single day in complying with the contract, and when the evidence so offered fails to show what the damages for one day's delay would be.

Argued February 6, — Decided March 26, 1901.

Complaint. Before Judge Felton. Houston superior court. June 1, 1900.

*John R. L. Smith* and *W. C. Davis*, for plaintiff in error.

SIMMONS, C. J. The Southside Manufacturing Company brought suit against Smith upon an open account for 1600 peach crates at fifteen cents per crate. The defendant filed certain pleas of recoupment, in which he set up damages resulting to him from the failure

of the plaintiff to comply in certain particulars with the contract of purchase of the crates. The jury returned a verdict for the plaintiff for $40, and the defendant moved for a new trial. The motion was overruled, and he excepted. The evidence made out the following case: The defendant, on June 21, 1898, by letter from Wellston, Georgia, ordered of the plaintiff 2,000 peach crates at $.15 each. The letter stated that the order was late, that the defendant was in a hurry for the crates, and that his peaches would need picking as soon as the crates could be shipped to him. The plaintiff replied by letter dated Petersburg, Va., June 28, 1898: "We have entered your order, . . but we can not promise to forward the car until after 10th July. We have as much as we can possibly do by the above time. If the above date will be in ample time, we will endeavor to accommodate you. We are only about five days from Wellston by freight, certainly not more than 6 or 7 days, and if the car will reach you on time we will forward same, unless we hear from you to the contrary. Thanking you for the order, we remain. If we find we can do better on date we will let you know." On June 29, 1898, the defendant wrote, asking if the plaintiff could not manage to get the car of crates to him by July 10 or 12. On July 11, the defendant telegraphed plaintiff for definite information about the crates. On the next day, defendant sent plaintiff the following telegram: "If I had your wire that I had car of crates en route, I could borrow from Feagan and Elberta Co. Answer quick that way, and hurry them on; you promised by the 10th in your letter." The plaintiff replied, the same day: "Promised to ship after the 10th, not before; twenty-third letter." The defendant then asked by telegram when he could expect the crates. The plaintiff replied, by telegram of July 13: "Will ship car on the fifteenth; best we can do quick time." On the 14th the defendant sent the following telegram: "Don't fail to rush car crates; mail bill lading to-morrow sure;" and on the 16th the following: "Rush crates to reach here by Tuesday if possible." On the 18th he telegraphed for the car number, which the plaintiff supplied by telegram in which it was also stated that the crates had been shipped on the 16th. On July 16 the plaintiff had shipped a car containing 1,600 crates (400 less than were ordered), and these crates reached the defendant at Wellston on July 21.

There was considerable evidence to show that the defendant had

been damaged by the failure of the plaintiff to ship the full number of crates ordered, and as to this matter the jury found in favor of the defendant's plea of recoupment. To this no exception is taken. The only exception insisted on is to the refusal of the trial judge to allow the introduction of certain evidence tending to show that the defendant was damaged by the delay in shipping the 1,600 crates. We have carefully examined this proffered evidence, and find that, in the light of the evidence already admitted, it related to the results of the delay in the shipment from the 10th to the 16th. The defendant's plea maintained that the plaintiff was bound to make the shipment on the 10th, and this evidence was offered with the same idea in view. With this view we can not concur. The original contract of shipment, as made by letter, specified no exact day on which the shipment should be made. The agreement was to ship the crates "after 10th July." This we think meant within a reasonable time after the tenth; and what is a reasonable time is, ordinarily, a question for the jury. 21 Am. & Eng. Enc. L. 531; Benjamin on Sales (Bennett's 7th Am. ed., 1899), § 683; Smith, Pers. Prop. § 109; Tiedeman, Sales, § 100; 2 Schouler, Pers. Prop. (3d ed.) § 386. But when, on the 13th, the plaintiff promised to ship on the 15th, and the defendant, by his telegram of the 14th, agreed to the shipment on the 15th by urging that the crates be shipped on that date, we think the parties fixed definitely the time of shipment. While the original contract was indefinite and meant that the crates should be shipped within a reasonable time after the tenth, the parties could and did agree upon a certain date, the fifteenth, as that on which the shipment should be made. When such an agreement had been made and the date definitely fixed, a shipment on that date would have been a full compliance with the contract. But the shipment was in fact not made until the following day, the sixteenth, and the plaintiff failed by one day to comply with its contract. Should not the damages accruing by reason of this delay of one day be shown in evidence, and the defendant allowed to recoup therefor? Possibly so, but the reply in this case is that the defendant made no effort to do this. He offered evidence tending to show the damage occasioned him by the delay of the shipment from the tenth to the sixteenth, and that evidence does not show what damage resulted from the delay from the fifteenth to the sixteenth, nor that he was damaged at all by such delay. Certainly

the evidence as to the amount of damages resulting from the six days' delay should not have been allowed to go to the jury, where there could be no recovery except for the delay of one day. This evidence was offered as a whole. In its present shape the evidence as to the results of the last day's delay seems not to be separable from that as to the results of the entire delay of six days. Certainly it was not separated before it was offered; and it has been frequently ruled that where evidence, part of which is admissible and part objectionable, is offered as a whole, this court will not reverse the trial judge for excluding it all.

*Judgment affirmed. All the Justices concurring.*