CHAMBERS *v.* WESLEY, administrator.

1. One named as grantee in an instrument purporting to be a deed executed by a deceased person is not, on a trial in the result of which he is interested, competent to testify in his own favor to any facts tending either directly or indirectly to show the execution of the paper.
2. A general complaint that error was committed in rejecting specified evidence referred to as a whole is not good if any of the same was inadmissible.
3. The verdict directed in this case was demanded by the evidence.

Argued April 8, — Decided April 26, 1901.

Claim.    Before Judge Reagan.    Fayette superior court.    October 8, 1900.

*E. E. Spurlin,* for plaintiff in error.    *J. W. Wise,* contra.

LUMPKIN, P. J.    The record discloses that W. A. Wesley, as administrator of Mrs. Elizabeth Downs, was seeking to sell certain land as the property of her estate.    A claim to the same was filed by W. S. Chambers.    The papers were returned to the superior court, where the parties joined issue; and after the close of the testimony the court directed a verdict in favor of the administrator. The claimant made a motion for a new trial; and the same having been overruled, he brought the case here for review.

1. There was no dispute that prior to the year 1897 Mrs. Downs was the owner of the land in controversy.    The claim was based upon an alleged deed which the claimant contended she made and delivered to him in that year.    It was shown that Mrs. Downs had signed an instrument purporting to convey this land to the claimant, but there was no affirmative evidence of its delivery.    One ground of the motion for a new trial reads as follows:    "Because the following material evidence offered by the [movant] was illegally withheld from the jury against his demand: (a) W. S. Chambers, claimant, was offered to prove loss of deed from Elizabeth Downs to him, conveying the property claimed by him. (b) Robt.

Cox was offered to prove a declaration by the deceased, Mrs. Elizabeth Downs, just prior to her death and after deed was made to W. S. Chambers, 'that he (Cox) went to her and offered to buy the place; that she told him the place was not hers, but her grandson's (Chambers), but may be he could buy it from him; that she had only a life interest in it.' (c) The claimant, W. S. Chambers, was offered to prove that a certain box into which the deed conveying the property from Elizabeth Downs to him was deposited after having been drawn up and attested according to law was his and in his possession." It is clear that so much of this testimony as is embraced in paragraphs (a) and (c) was properly rejected. Had the claimant been allowed to testify as he offered to do, it would have been permitting him to prove by his own testimony, not only that the instrument in question was deposited in a box which belonged to him, but that this instrument was a duly executed deed in fact delivered to him by the maker. It was, in *Neely* v. *Carter*, 96 *Ga.* 198, distinctly ruled that a person named as grantee in a paper purporting to be a deed executed by a deceased grantor could not, when interested in the result of a trial, be allowed to testify to any fact which either directly or indirectly tended to show the execution of the paper. We therefore hold that, in the present case, the court was certainly right in excluding the testimony of Chambers concerning the instrument signed by Mrs. Downs.

2. We are not prepared to say that the testimony of Cox, as set forth in paragraph (b) of the above-quoted ground of the motion for a new trial, was also inadmissible; for, apparently, the admission of the deceased that the land no longer belonged to her, but to Chambers, was relevant as throwing some light upon the disputed question of delivery. As will have been observed, however, the movant does not complain separately of the rejection of the testimony of Cox, but in one entire and comprehensive assignment of error insists that his own testimony, as well as that of Cox, was improperly excluded. A complaint of this general nature, as has been repeatedly ruled, can not be held good unless all of the testimony to which it relates was, as claimed, admissible. See, in this connection, *Ray* v. *Camp*, 110 *Ga.* 818, and cases cited; *Smith* v. *Southside Manufacturing Co.*, 113 *Ga.* 77.

3. As already indicated, there was no affirmative proof of the delivery of the alleged deed. On the contrary, the evidence actu-

ally introduced required a finding that there had been in fact no delivery. It follows, of course, that the verdict in favor of the administrator was demanded, and that the court did not err in directing the jury to return the same.

*Judgment affirmed. All the Justices concurring.*