### 7633.  ELLIS *v.* RILEY.

1. Assignments of error on the ground that the verdict is contrary to the charge of the court, or to a specified part of the charge, will not. be considered by this court.
2. The instructions complained of are not subject to the exception that they were not authorized by evidence.
3. A ground of a motion for a new trial to the effect that the court erred in excluding testimony specified as a whole is not a good ground when a part of the testimony so specified is objectionable.

DECIDED NOVEMBER 16, 1916.

Complaint; from city court of Houston county—Judge Greer presiding. May 29, 1916.

*Feagin & Hancock,* for plaintiff.

*Duncan & Nunn,* for defendant.

HODGES, J. 1. An assignment of error that a verdict is contrary to the charge of the court, or to a portion thereof, is in effect merely an assignment that the verdict is contrary to law, and presents no question for decision. *Roberts* v. *Keeler,* 111 *Ga.* 181 (6), 184 (36 S. E. 617) ; *Wight* v. *Schmidt,* 111 *Ga.* 858 (36 S. E. 937) ; *Napier* v. *Burkett,* 113 *Ga.* 607 (38 S. E. 941) ; *Fryer* v. *State,* 12 *Ga. App.* 533. (77 S. E. 830) ; *Lamb* v. *McHan,* 17 *Ga. App.* 5 (86 S. E. 252) ; *McKelvin* v. *State,* 17 *Ga. App.* 413 (87 S. E. 150).

2. The suit was based upon a note and mortgage payable to Ellis, the plaintiff, executed by the defendant, a married woman, who pleaded that the note and the mortgage were given as security, for indebtedness of her husband to the plaintiff. The court, after having charged the jury that if Ellis advanced the money on these papers without knowledge that the transaction on the part of the wife was an assumption of the husband's debt or created a suretyship, she would be bound, added: "Yet, on the other hand, if Mr. Ellis knew, at the time, that it was done for the purpose, and as a part of a fraudulent scheme or device, to evade this law in favor of a married woman, and he knew at the time he took these papers it was a scheme to involve the wife's property as security for her husband's debt, and you find that was a fact, and, as I stated to you, he had knowledge of this, Mr. Ellis will not be entitled to recover, and your verdict should be in behalf of the defendant." The instruction quoted was complained of on the ground that there was no evidence to show that there was any fraudulent scheme or device on the part of the plaintiff to involve the property of the defendant as security for her husband's debt, —that the evidence showed that the borrowed money—at least a part of it—went to pay the purchase-price of the land in question, the property of the defendant. The exception is not well taken. The excerpt complained of is adjusted to the evidence and to the contentions, and stated the law of the case.

3. It was contended that the court erred in ruling out certain evidence of the plaintiff, consisting of the testimony of two witnesses, which is set forth in the motion for a new trial in seven typewritten pages, by question and answer. The assignment of error is as follows: "The court committed error in ruling out the following material evidence for the plaintiff," set out. "Movant shows that the said evidence was material, admissible, and relevant to show the extent of authority of W. S. Riley [the husband] in the exercising and handling of the properties of Mrs. Florence E. Riley [the wife], on the part of the agent W. S. Riley; and for these reasons a new trial should be granted." A general complaint that the trial judge committed error in rejecting specified evidence referred to as a whole is not good, if any of it was inadmissible. "A complaint of this general nature, as has been repeatedly ruled, can not be held good unless all of the testimony to

which it relates was, as claimed, admissible." *Chambers* v. *Wesley*, 113 *Ga.* 343 (38 S. E. 848). "It has been frequently ruled that where evidence, a part of which is admissible and part objectionable, is offered as a whole, this court will not reverse the trial judge for excluding it all." *Smith* v. *Southside Mfg. Co.*, 113 *Ga.* 77, 80 (38 S. E. 312). It does not appear, from a careful reading of the evidence excluded, that all of it was admissible; and this court is bound by the prior rulings on this subject.

4. The verdict is authorized by the evidence.

*Judgment affirmed.*