## 15674. STANFIELD v. SEABOARD AIR-LINE RAILWAY CO.

1. Granting that the first special ground of the motion for a new trial is in proper form for consideration by this court, it was not error to reject the evidence referred to therein.

2. A ground of the motion for a new trial shows that the plaintiff was asked: "When you went back to work, what was said about giving you continuous work and seniority?" And that his answer was: "It was understood that I was to get a permanent job." Even if it was error to refuse to allow this answer in evidence, this, under the ruling in *Southern Ry. Co.* v. *Ward*, 131 *Ga.* 21 (4) (61 S. E. 913), would not require the grant of a new trial, for the record shows that substantially the same evidence went to the jury from the lips of this same witness. He testifies: "I went down to see Mr. Bagwell at the Union Station, and he promised me a permanent job and protection if I went to work . . . Mr. Bagwell promised me full protection."

3. For no reason assigned did the court err in allowing in evidence the strike-settlement agreement referred to in the 3d special ground of the motion for a new trial.

4. When considered in the light of the entire charge and the facts of the case the excerpt complained of contains no error requiring the grant of a new trial.

5. The verdict returned was authorized by the evidence, and this court can not override it when no error of law appears and it has the approval of the judge who tried the case.

DECIDED NOVEMBER 12, 1924.

Action for damages; from city court of Savannah—Judge Freeman. May 12, 1924.

*David S. Atkinson*, for plaintiff.

*Anderson, Cann & Cann*, for defendant.

BLOODWORTH, J. In order that the foregoing headnotes may be understood it is necessary only to add the following statement of facts: Plaintiff alleged in part that he was in the employ of the defendant railway company; that a strike existed in the shops in Savannah; that he was induced to return to work pending the strike, "being promised a continuous job and that he would be fully protected;" that he did return to work on August 31; that on September 18 the strike was over; that on September 21 the defendant

discharged all the guards that it had put on duty to protect those strikers who had returned to work; .that on September 22 while he was at work at the railway company's shops in the scope of his employment and under promise of protection by the company and its officers, he was assaulted by returned strikers, beaten, and run off from the shops, and that "he suffered great mental and physical pain and anguish." He alleged that the defendant was negligent in failing to protect him as it had agreed to do, and prayed for damages.   The case was submitted to a jury, and a verdict in favor of the defendant was returned.

Judgment affirmed.   Broyles, C. J., and Luke, J., concur.