54

DANIELS *v.* AVERY *et al.*

No. 6340.   September 15, 1928.

W. I. Geer, for plaintiff in error.

J. M. Cowart and A. H. Gray, contra.

Beck, P. J.   John Doe, on the demise of Maggie Avery, Leila Price, Julian Tooke, and Jimmie Tooke, minors, by their next friend R. C. Tooke, brought ejectment against Richard Roe, casual ejector, and T. F. Daniels. In an amendment subsequently filed a demise was laid in the names of Maggie Avery, Leila Price, Kate Betton, Julian Tooke, and Jimmie Tooke. The defendant filed an answer in which he denied that the plaintiffs had title or interest in the land, and alleged that plaintiffs had no valid deeds to the same. In an amendment subsequently filed the defendant alleged that he was an heir at law of Elizabeth Daniels, who executed a deed to the land sued for, which purports to convey the same to the plaintiffs; that at the time of the execution of the deed Elizabeth Daniels was mentally incapable of making a deed; that she was non compos mentis and had been for several years prior to the execution of the conveyance; and that no consideration passed from the grantees named in the deed to the grantor. The defendant prayed that the deed be delivered up and canceled. Upon the trial of the case the jury returned a verdict in favor of the plaintiffs. Whereupon the defendant made a motion for new trial, which was overruled.

A motion was made to dismiss the bill of exceptions in this case, upon the following grounds: "1. Because it appears from the record in said case that Maggie Avery, Leila Price, Kate Betton, Julian Tooke, and Jimmie Tooke were plaintiffs in said case in the court below, and recovered jointly a judgment in their favor against the defendant, the present plaintiff in error, T. F. Daniels. 2. One of the plaintiffs in the court below, to wit, Kate Betton, who is a material party to the cause, was not made a party to the bill of exceptions, has not been named as a party in the bill of ex-

ceptions, as required by law, and has not been served with the said bill of exceptions, nor waived service." Counsel for plaintiff in error moved in this court to make Kate Betton a party defendant in the court, as she was a party plaintiff in the court below and was represented in the court below by counsel of record in this case; and that counsel of record acknowledged service upon the bill of exceptions, "and did not distinctly and especially state that it was not to be construed as waiving some particular defect." We are of the opinion that the motion to make Kate Betton a party defendant to the bill of exceptions should be allowed. She was one of the parties in whose name the demise was laid. She was a party plaintiff jointly with the other parties. The only counsel for plaintiffs in the case were the counsel who acknowledged service of the bill of exceptions, and they acknowledged service in the following words: "Due and legal service of the within bill of exceptions acknowledged; copy and all other and further notice and service waived." Signed, "J. M. Cowart, A. H. Gray, Attorneys for Maggie Avery, Leila Price, Jimmie Tooke, and Julian Tooke, defendants in error." A. H. Gray and J. M. Cowart were the only attorneys signing the petition in the case. Service in this case falls within the provisions of Code sections 6164(a) and 6164(b), relating to service and adding parties defendant in error. The motion to dismiss is overruled.

■ The defendant in this case relied upon the fact that he was an heir of Mrs. Elizabeth Daniels, to defeat the suit of the plaintiffs. The plaintiffs were grantees in the deed from Mrs. Elizabeth Daniels, made shortly before her death. The defendant contends that the grantor in this deed was mentally incapable of executing a valid conveyance. Evidence to show that the grantor was non compos mentis at the time of the execution of the deed was introduced by the defendant, and evidence to show that the grantor was mentally capable of making a valid conveyance was introduced by the plaintiffs. This made the controlling issue in the case, an issue of fact. The jury returned a verdict in favor of the plaintiffs. In the amendment to the motion for new trial are certain special assignments of error. In the first ground of the amendment error is assigned upon the charge of the court excluding the testimony of a witness for the defendant. The witness referred to had stated that he heard Mrs. Daniels say many

times "how she wanted her land to go after her death." When counsel for plaintiffs moved to exclude this evidence, counsel for the defendant stated to the court that he offered this witness "to prove by him that his mother had often said during her later years that she wanted her land to be equally divided among her children, share and share alike, and that she had a deceased daughter, Mrs. Tooke, who had three children, and that she wanted those three children to have their mother's part." The court did not err in excluding this evidence. The deed of Mrs. Daniels could not be impeached in this way. And besides, it did not appear from the statement of counsel when the witness heard his mother say this, further than "it was during her later years."

The rulings made in headnotes 3, 4, and 5 require no elaboration. *Judgment affirmed. All the Justices concur.*