31736.   JONES *et al. v.* BLACKBURN.

DECIDED OCTOBER 16, 1947.

*J. F. Brannen,* for plaintiffs in error.   *W. G. Neville,* contra.

SUTTON, C. J.   (After stating the foregoing facts.)   ■   The defendants contend that the evidence demanded a finding in their favor as to the item of $117.18, and that the verdict in favor of the plaintiff as to this item was contrary to the evidence and without evidence to support it.   There was evidence from which the jury was authorized to find that the farm operated by the plaintiff as a share-cropper with the defendants was owned by the father of Mrs. Jones; that there was a tobacco allotment on this farm of 6.4 acres, but that it had been combined with the allotment of the owner, Mr. Zetterower, on other farms and that he had grown tobacco on the other farms and used the entire allotment on them; that the plaintiff, before planting any tobacco on the farm culti-vated by him, had made inquiry and found that the allotment on this farm was originally 6.4 acres and that he asked the defend-ants if there would be a penalty if he grew tobacco and told them that if there was going to be any penalty against him, that he would not plant tobacco on the farm; that the defendant, W. W. Jones, told him there was no penalty attached to growing tobacco on the farm cultivated by the plaintiff and that, if there was a penalty, the plaintiff would not be charged with it and for him to plant 4.5 acres in tobacco and he would get the allotment card from Mr.

Zetterower; that W. W. Jones further agreed that if there was any penalty for growing tobacco on the farm, he would pay it. The defendants testified in their own behalf and denied making the agreement with the plaintiff and contended that the plaintiff agreed to pay one-half of any penalty charged against the tobacco grown on the farm and that the $117.18 held by them was the plaintiff's part of this penalty, which they had paid. The defendants introduced a receipt, which W. W. Jones gave the plaintiff and which recited it was a final receipt, except as to the hogs which had not been sold at that time. The plaintiff testified that the receipt was for other items, and that he had never received the $117.18 or agreed to pay any part of the tobacco penalty.

The other item in dispute was as to the hogs raised by the plaintiff on the farm. The defendants contended and introduced evidence to the effect that they furnished the plaintiff with 25 hogs, of which 9 died, at a cost of $176.36, and that the plaintiff agreed to raise them on halves and to repay the defendants the entire cost of the hogs before dividing the money received from their sale. The plaintiff alleged and contended on the trial that the hogs purchased for $176.36 were bought by the defendants for themselves and the defendant on a 50-50 basis, each to be charged with one-half of the cost and that the profits on the hogs were to be equally divided between the defendants, as landlords, and the plaintiff, as share-cropper.

The evidence as to the agreements between the plaintiff and the defendants was in sharp conflict. The jury resolved the conflicts in favor of the plaintiff, and their verdict has the approval of the judge. It follows, therefore, that the judge did not err in overruling the general grounds of the motion for a new trial.

■ Complaint was made in special ground 1 of the motion of the court allowing the plaintiff, when asked if he knew anything about a penalty on the farm for over-acreage in tobacco, to testify: "No, sir. The only thing he (the defendant, W. W. Jones) told me was that he would get the card from Mr. Lonnie (Zetterower, the owner of the farm)." The objection was that "the card would be the highest and best evidence" and that the evidence tended to show "that there was no penalty on said land." The court did not err in overruling the objection and in allowing the testimony.

While "written evidence is considered of higher proof than oral (Code, § 38-205), and the best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for (§ 38-203), the evidence in the present case was not subject to the objection raised against it. The fact that a card existed and that the defendant promised to get it was not evidence as to the contents of the card. There was no attempt to prove the contents of the card, or any part of its contents, and the rule as to the best evidence did not apply. In this connection, see *Daniel* v. *Johnson,* 29 *Ga.* 207 (1), 211; *May* v. *Sorrell,* 153 *Ga.* 47, 55 (111 S. E. 810). The court did not err in overruling special ground 1 of the motion.

■ In special ground 2 of the motion, error was assigned on the allowance of certain testimony to go to the jury, to the effect that the plaintiff and the defendant, W. W. Jones, had some dealings with reference to a burner to be used in curing tobacco, and fuel to operate it, and that when the plaintiff went to the defendants' home, he found W. W. Jones in bed drunk. The objection to this testimony was that it was irrelevant, immaterial, and prejudicial. While "the superior courts may grant new trials in all cases when any material evidence may be illegally admitted to, or illegally withheld from, the jury against the demand of the applicant" (Code, § 70-203), "where objection is made to specified evidence as a whole, part of which is admissible and part inadmissible, and the objection does not point out the objectionable portion, there is no error in admitting the entire evidence." *Gully* v. *State,* 116 *Ga.* 527 (2) (42 S. E. 790); *Keener* v. *Addis,* 61 *Ga. App.* 40, 49 (5 S. E. 2d, 695); *Columbian Peanut Company* v. *Pope,* 69 *Ga. App.* 26, 30 (24 S. E. 2d, 710); *Scott* v. *Reynolds,* 70 *Ga. App.* 545, 554 (29 S. E. 2d, 88). The judge did not err in overruling special ground 2 of the motion.

■ The defendants contended in special ground 3 of the motion that the court erred "because a certain check, later introduced in evidence, from one of the movants to Mr. Zetterower was not allowed to be introduced and plaintiff cross-examined on said check." This ground of the motion can not be sustained because it appears that the check was later introduced in evidence. Any error on the part of the trial judge in excluding the check was

cured when he thereafter admitted the check in evidence. Also, this ground of the motion was incomplete in that the name of the movant executing the check, the date, amount, and bank on which the check was drawn is not given, nor is the check set out or otherwise described in the motion for a new trial. "A ground is not complete, if, to be intelligible, it is necessary to refer to: (a) Other parts of the record." *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 715 (145 S. E. 486), and citations. Moreover, it appears from the record that the plaintiff was thoroughly cross-examined by counsel for the defendants and it does not appear how the defendants were harmed by the refusal of the court to allow the plaintiff to be cross-examined as to this check, which involved a transaction between the defendants and the owner of the farm. The court did not err in overruling special ground 3 of the motion.

■ An assignment of error in a motion for a new trial that the court refused "to allow any evidence as to other hogs bought by movants in which plaintiff was to receive one-half interest in had died and plaintiff never paid any money for those hogs to movants" is too incomplete to constitute a valid ground for a new trial. The name of the witness, or witnesses, is not given (*Hunter* v. *State,* 148 *Ga.* 566, 97 S. E. 523; *Sims* v. *Sims,* 131 *Ga.* 262, 62 S. E. 192); nor is the excluded testimony or evidence set out in the ground for a new trial, either in substance or literally. See *Clare* v. *Drexler,* 152 *Ga.* 419 (110 S. E. 176); *Cobb* v. *Coffey,* 149 *Ga.* 264 (99 S. E. 864); *Trammell* v. *Shirley,* supra (p. 717). The court did not err in overruling special ground 4 of the motion.

■ Complaint was made in special ground 5 of the motion that the court erred in refusing "to allow the following testimony of one of the movants: 'Mr. Blackburn told me he wanted some hogs to raise on shares. I told him all right I would give him some sows and pigs and that's what I did. I went and bought him some sows and told him he could raise the pigs on shares,' " on the ground that "said matter was set up in an amendment to the answer and was relevant and material to the issues in the case to show that the plaintiff had not paid anything on the hogs that died and on which he was to receive one-half interest in." It does not appear how the defendants were harmed by the exclusion of this testimony, as both the plaintiff and the defendants testified

at length as to the terms of the agreement between them with reference to raising the hogs. Moreover, the name of the witness is not given. For the exclusion of oral testimony to be considered as a ground for new trial, the name of the witness must be given. *Clare* v. *Drexler,* supra, and citations; *Trammell* v. *Shirley,* supra, and citations. The court did not err in overruling special ground 5 of the motion.

■ Error was assigned in special ground 6 of the motion on the refusal of the court to allow W. W. Jones, one of the defendants, to testify that the plaintiff agreed to pay the tobacco penalty. It appears from the record that this witness testified in part: "Mr. Blackburn agreed to pay that $117 penalty, and I gave him a receipt in full for it," and that this evidence went to the jury. It was held in *Ray* v. *Hutchinson,* 27 *Ga. App.* 448, 449 (108 S. E. 815): "It is well settled that where a court excludes evidence at one point in the trial which is admissible, this is not sufficient cause for the granting of a new trial where the evidence excluded is admitted at some other point in the case and is permitted to go to the jury and be fully considered by it." In this connection, also see *Stanfield* v. *Seaboard Air Line Ry. Co.,* 33 *Ga. App.* 29 (125 S. E. 504); *Hartley* v. *Sanders,* 45 *Ga. App.* 273 (164 S. E. 232). The court did not err in overruling special ground 6 of the motion.

■ In special ground 7 of the motion error was assigned "because the movants were not allowed to explain the $117 tobacco penalty by the court and testimony of W. W. Jones, one of the movants, was not allowed on that subject. When movants attempted to explain the $117 penalty on tobacco over-acreage, plaintiff objected to the same because the transaction was one between Jones and Zetterower. The witness attempted to testify: 'Well, my dad said if there is a penalty you will have to pay it. His whole contract is one, the Rimes place, the Parrish place, the Bill Zetterower place, all of his places are together.' " The court did not err in excluding the testimony. Since it appeared that the plaintiff was not present at the alleged conversation, the statements made by Mr. Zetterower to the defendants would be hearsay as to the plaintiff. Moreover, "since all of the contracts were in one work sheet" the contract itself, being in writing, would be

the highest and best evidence of its terms and provisions. Part of the excluded testimony was clearly objectionable. "A ground of a motion for a new trial to the effect that the court erred in excluding the testimony specified as a whole is not a good ground, when a part of the testimony so specified is objectionable." *Ellis* v. *Riley,* 18 *Ga. App.* 778 (3) (90 S. E. 724) ; *Desverges* v. *Marchant,* 18 *Ga. App.* 248 (2) (89 S. E. 221) ; *Jones* v. *Teasley,* 25 *Ga. App.* 784 (1, b) (105 S. E. 46). Also, see *Skellie* v. *Central Railroad & Banking Co.,* 81 *Ga.* 56 (1) (6 S. E. 811). The judge did not err in overruling special ground 7 of the motion.

■ The court did not err in sustaining the objections of the plaintiff and excluding the testimony of W. L. Zetterower as to the terms and provisions of his tobacco allotment contract and as to a conversation he had with W. W. Jones concerning the allotment. It did not appear that the original contract could not be produced or that the plaintiff was present at the conversation between the witness and the defendant, W. W. Jones. The testimony was clearly inadmissible, and the court did not err in excluding it and in overruling special ground 8 of the motion.

■ The verdict is supported by the evidence, no error of law appears, and the judge did not err in overruling the motion for a new trial.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232; Code, Ann., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner, Parker and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I think the evidence demanded a finding for the defendant for the $117.18, the amount of one half the tobacco penalty. I concur in the judgment with the above exception, but not in all of the reasons assigned for the rulings. There was introduced in evidence a receipt given by W. W. Jones to the plaintiff dated September 3, 1946, as follows:

"Kerosene at Woodrows ......................$ 3.15
Josh ..................................... 110.00
Tankage .................................. 6.25
Labor shaking peanuts .................... 30.00

```
Cash  ......................................  15.00
Penalty on tob.  .............................  117.18
Peanuts hauling and picking  .................  30.87

                                              $312.45
Peanuts  $560.03—½  .........................$280.01

                                              $ 32.44
```

Sept. 3, 1946 account
   Paid in full except hogs

W. W. Jones."

The defendant testified as follows concerning the above receipt: "That paper is a paper where I paid him in full for tankage and one thing and the other, it is signed and paid in full. I had a settlement. . . I have a receipt here where they settled up with me and I paid them in full. They wanted to hold my tobacco penalty out on me and he told me to get it in writing so I got this receipt marked paid in full. I accepted that receipt, yes, sir. You see it included that penalty on tobacco of $117.18. As to whether or not I acknowledged that the payment on tobacco penalty was paid in full, yes, I paid them for it. I paid them the penalty, yes, sir. Mr. Neville told me to go ahead and pay it and get him to sign it paid in full." While it is true that the defendant denied that he agreed to pay part of the tobacco penalty, when he entered into a settlement agreement with Mr. Jones he was and is bound by it. The defendant accepted a binding receipt from Mr. Jones and it was also binding on the defendant as to every item shown thereon. There is no evidence that the defendant was induced to accept the receipt through fraud or duress and there is no evidence of mistake and no effort to reform the receipt. The defendant testified that his lawyer told him to pay the penalty and get a receipt. What his lawyer evidently told him was to get a statement of his account showing that the Joneses had charged him with the tobacco penalty. The making of the settlement in which the defendant received credits which bound the Joneses amounts to the defendant's paying the tobacco penalty in cash with knowledge of all the facts. I think $117.18 ought to be written off the verdict and judgment, or the case reversed.