## 37943. MORGAN v. MULL.

DECIDED JANUARY 5, 1960—REHEARING DENIED JANUARY 19, 1960.

*Cook & Palmour, A. Cecil Palmour*, for plaintiff in error.

*James Maddox, Robert L. Scoggin, Jerry L. Minge*, contra.

NICHOLS, Judge. 1. Special ground 1 of the amended motion for new trial assigns error on the exclusion of certain testimony by the defendant, the witness Ernest Lair and the plaintiff himself on cross-examination, relative to the quarrelsome and violent character of the plaintiff. There is only one assignment of error on the exclusion of all of the testimony on this subject. A portion of Lair's testimony on direct examination concerns particular acts of a quarrelsome and violent nature on the part of the plaintiff. Where it becomes material to inquire whether a party possesses a quarrelsome or violent character, any evidence of the existence of a general reputation which tends to establish such character is admissible, but it is not competent for the party offering a witness for that purpose to show particular acts of violence or manifestations of petulance in particular instances by the person whose character is under investigation. *Columbus & Rome Ry. Co.* v. *Christian*, 97 *Ga.* 56 (3) (25 S. E. 411). This part of Lair's testimony was therefore inadmissible and since this ground assigns error on the exclusion of the testimony specified as a whole, it does not require the grant of a new trial. *Jones* v. *Blackburn*, 75 *Ga. App.* 791 (8) (44 S. E. 2d 555) and cases cited; *Chambers* v. *Wesley*, 113 *Ga.* 343 (2) (38 S. E. 848).

2. Special ground 2 complains that the trial judge prejudiced the jury in its consideration of the credibility of the testimony of the defendant by stating that in the presentation of the defense case, he should testify first "and then there is no question about his listening to the other testimony first." Upon objection by counsel, the defendant was allowed to remain in the courtroom and to testify after several defense witnesses. When a party to an action intends to be a witness for himself, the court may in its discretion require that such party should first be examined in the absence of his other witnesses. *Tift* v. *Jones*, 52 *Ga.* 538 (4); *Boutelle* v. *White*, 40 *Ga. App.* 415 (1) (149 S. E. 805); *Cone* v. *Davis*, 66 *Ga. App.* 229, 238 (17 S. E. 2d 849). The defendant made no motion for a mistrial, but regardless of whether or not he should have done so, we see no prejudice in the statement complained of in this ground.

3. Special ground 3 complains of the admission of the testimony of the witness Camp, who had remained in the courtroom after the defendant had asked for sequestration of the witnesses at the beginning of the trial. It does not appear from this ground that any objection was made to this testimony in the trial court and the mere fact that certain reasons were stated therein why the evidence was not admissible is insufficient. *Norman* v. *McMillan*, 151 *Ga.* 363 (4) (107 S. E. 325); *Miller* v. *Coleman*, 213 *Ga.* 125 (7) (97 S. E. 2d 313). This ground is therefore incomplete and will not be considered.

4. Special ground 4 complains of the admission of testimony of the plaintiff's wife that he indicated pain by holding his head constantly in a certain manner indicated by the witness. The wife could not properly testify as to any complaints of pain and suffering which the plaintiff may have made to her because such testimony would be mere hearsay. *Atlanta St. R. Co.* v. *Walker*, 93 *Ga.* 462, 467 (21 S. E. 48). She may, however, give testimony expressing her personal observations as to symptoms which she observed, indicating that her husband suffered from headache, although she may not be permitted to generalize or state any bare conclusion based upon her observation of others who suffered from headache. *Macon Ry. & Light Co.* v. *Mason*, 123 *Ga.* 773 (8) (51 S. E. 569); *Bagwell & Stewart, Inc.* v. *Bennett*,

214 *Ga.* 780 (2) (107 S. E. 2d 824); *Savannah &c. R. Co.* v. *Wainwright,* 99 *Ga.* 255 (3) (25 S. E. 622). It appears that the testimony of the plaintiff's wife is limited to a statement of the symptoms indicating that her husband suffered from pain and headache and it is therefore not within the realm of hearsay. The court did not err in admitting this testimony into evidence.

5. Special ground 5 assigns error on the refusal of the court to permit an employee of the defendant to testify that he had asked the plaintiff not to come back to the defendant's place of business. Not only does this evidence fail to indicate whether the witness was acting in the scope of his employment at the time he so advised the plaintiff, but the testimony which this witness had already given shows that when the plaintiff entered the premises at the time of the altercation which is the subject of this action, his presence had been ratified by sending him to see the defendant who had subsequently conducted the plaintiff back to the service department for the purpose of inquiring into his complaint about a certain bill. Therefore, the court did not err in refusing to admit the evidence complained of in this ground.

6. Special ground 6 complains of the failure of the court to define either "assault" or "battery" in the charge to the jury. No request for such definition was submitted and this ground does not indicate what definition the court should have given. The evidence in the record demands a finding that the defendant committed assault and battery on the plaintiff, the only issue in this respect being that of justification, which was adequately covered in the charge. Under these circumstances, the failure of the court to define these terms in the absence of a timely written request is not prejudicial and this ground is therefore without merit.

7. Special ground 7 assigns error on that portion of the charge to the effect that the jury might find punitive damages if satisfied from the evidence that there was an entire want of care by the defendant's employees. The actual charge on this subject was as follows: "The plaintiff claims that because of circumstances out of which the assault grew, he is entitled to what is known as punitive damages. In every tort there may be ag-

gravating circumstances either in the act or the intention, and if the jury finds there were such aggravating circumstances, they may give additional damages, either to deter the wrongdoer from repeating the trespass, or as compensation for wounded feelings of the plaintiff. But to authorize a finding for punitive or exemplary damages the jury must be satisfied from the evidence that there was some wilful misconduct on the part of the defendant or his employees, as the case may be, which would give rise to the presumption of a conscious indifference to consequences. There must be some evidence satisfactory to the jury either of malicious wantonness or of an oppression by the defendant against the person claimed to have been injured."

The petition alleges "that the defendant herein conducts an automobile sales agency and garage located at 205 West 7th Street, in the city of Rome, said state and county; that on or about five thirty p.m., on Oct. 3rd, 1958, that petitioner was in said place of business for the purpose of conferring with the bookkeeper of said defendant about an account and during the course thereof, he and said bookkeeper became engaged in an argument over the same; that during the course of said argument, defendant without any legal justification or reason whatever assaulted your petitioner, striking him in and over the left eye with a bottle, hitting him in the stomach and in the face with his fists, knocking him to the floor of the garage, striking petitioner's head on the concrete pavement thereof. As a result of said assault and striking petitioner's head on the floor of said garage that he suffered a fracture of the skull, and on account thereof he has been confined. . ." Also under the plaintiff's testimony in the case his entire conversation that immediately preceded the assault upon him by the defendant was with the defendant's employee bookkeeper; that he never said one word to the defendant, nor did the defendant say one word to him during his visit to the defendant's place of business, but to the contrary and while the plaintiff was protesting his bill to defendant's employee bookkeeper, the defendant came up behind the plaintiff and struck him on the head with a Coca-cola bottle; that the defendant's bookkeeper did nothing to warn the plaintiff of the defendant's approach or intentions of striking him with the bot-

tle, nor did he do anything to deter or stop the defendant's continued assault upon him after striking him with the bottle. Such action or inaction on the part of the defendant's employee bookkeeper became a jury question as to whether such amounted to a conscious indifference of the consequences on the part of the defendant's employee as to constitute aggravating circumstances. The issue of wilful or negligent misconduct or want of care on the part of the defendant's employees is raised both by the pleadings and the evidence, and the trial judge did not err in charging the jury as to such issue.

8. Special grounds 8, 9 and 12, complain of errors in the charge and failures to charge and are without merit.

9. Special ground 10, complaining of a failure to charge is without merit. The action is not for lost future earnings, damages for pain and suffering are not required to be reduced to present cash value and the use of mortality tables is not compulsory. For the last proposition, see Code (Ann.) § 105-2001, annotation "Mortality," subcatchword "Essential."

10. Special ground 11 complains of the failure of the court to charge that in determining loss of future earnings the jury should take into consideration the probable diminished earning capacity of the plaintiff in his declining years. As stated above, this action did not include an item for future lost earnings.

11. The general grounds of the amended motion for a new trial are without merit.

Accordingly, the judgment denying the amended motion for a new trial must be affirmed.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Quillian, JJ., concur. Felton, C. J., dissents.*

Felton, Chief Judge, dissenting. I dissent from the ruling in division 7 of the opinion and from the judgment of affirmance. The court charged that "to authorize a finding for punitive or exemplary damages the jury must be satisfied from the evidence that there was some wilful misconduct on the part of the defendant *or his employees* [emphasis supplied], as the case may be, which would give rise to the presumption of a conscious indifference to consequences. There must be some evidence satisfactory to the jury either of malicious wantonness or of an

oppression by the defendant against the person claimed to have been injured." The charge as to defendant's employees was not authorized by the pleadings or evidence and was presumably harmful to the defendant. The statement in division 7 by the majority shows that the charge might have been harmful. The jury was not authorized by the pleadings or evidence to hold the defendant responsible for aggravated acts of his employees. The last statement above quoted states the law correctly but the erroneous charge was not called to the jury's attention or corrected or withdrawn.