41436.   GREEN v. THE STATE.

Submitted July 7, 1965—Decided September 8, 1965—
Rehearing denied September 22, 1965.

*Jack N. Gunter,* for plaintiff in error.
*Herbert B. Kimzey, Solicitor General,* contra.

Nichols, Presiding Judge. ■ The first special ground of defendant's amended motion for new trial assigns error on the ruling of the trial court that a witness was competent after the defendant had raised the question of such witness's competency. Upon the call of such witness the following transpired: Counsel for defendant: "Your Honor, before this witness testifies we challenge her mental competency." Solicitor general: "We will make a showing, Your Honor." The witness was then asked a series of questions including the question if she knew right from wrong, and what it meant to take an oath, after which the trial court ruled: "The court holds that she is competent, let the case proceed." Counsel for the defendant objected: "Please the court, I don't believe that is adequate," and the court stated that it had ruled.

Counsel for the defendant did not seek to introduce any evidence contradictory to that offered by the State, and under the decision in *Schamroth v. State,* 84 Ga. App. 580 (66 SE2d 413), and the cases and Code sections there cited, the trial court

did not abuse its discretion in ruling the witness was competent to testify. Nor did the ruling of the court that the witness was competent amount to an expression of opinion by the court. See *Herndon v. State*, 45 Ga. App. 360 (4) (164 SE 478); *Daniels v. Avery*, 167 Ga. 54 (3c) (145 SE 45).

■ Special ground 2 complains of the exclusion of testimony of a witness for the State while being cross examined by the defendant's counsel. The question asked, a hypothetical question, was based in part on facts not supported by the evidence, and the trial court did not err in overruling such ground of the motion for new trial. See *Kuttner v. Swanson*, 59 Ga. App. 818, 824 (2 SE2d 230); *Chandler v. Alabama Power Co.*, 104 Ga. App. 521 (1) (122 SE2d 317).

■ Special ground 3 complains of the exclusion from evidence of a photograph identified as being of the room where the fatal blow was allegedly struck. The witness who so identified such photograph, and who was not present when the encounter between the accused and the deceased allegedly took place, placed a mark on the photograph "where he understood the accused was standing when the deceased attacked him with a knife."

The photograph was of the kitchen where the fatal blow allegedly took place and as such was properly identified as to make the photograph admissible (see *Toler v. State*, 213 Ga. 12 (5) (96 SE2d 593)), but the addition of the mark placed thereon, and to which the objection was made, as to where the witness understood the accused was standing was hearsay and the trial court did not err in excluding such evidence.

■ Special ground 4 complains of the exclusion from evidence of a knife found by a police officer in the residence where the accused allegedly struck the deceased. There was evidence adduced that the defendant struck the deceased in an effort to repel an attack being made by the deceased with a knife "with the blade open" and the knife sought to be introduced in evidence was of that type, and was found on the premises by a police officer in a "pocketbook" that looked like one owned by the deceased.

"It has long been the rule in this State that where the rele-

vancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury [citing cases]." *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784). While there was no direct evidence that the knife sought to be introduced in evidence was the knife being used by the deceased, under the circumstances, the trial court should have admitted the same in evidence and left its weight for the jury.

■ Special ground 5 assigns error on the failure of the trial court to charge, without request, on the shifting of the burden of evidence after the insanity of the accused had been established. Under the decisions of the Supreme Court in the cases of *Quattlebaum v. State,* 119 Ga. 433 (7) (46 SE 677); and *Harris v. State,* 155 Ga. 405, 409 (117 SE 460), the failure to so charge was not error in the absence of a timely written request.

■ Special ground 6 complains of the exclusion of a post mortem examination report from evidence. Under the provisions of the Act of 1953 (Ga. L. 1953, Jan. Sess., pp. 602, 611; *Code Ann.* § 21-219), reports of post mortem examinations are admissible in evidence. However, the post mortem examination report contained extraneous matter, including hearsay information obtained by the medical examiner from unknown sources. Under the decisions of this court (*Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370); *Yarbrough v. Cantex Mfg. Co.,* 97 Ga. App. 438 (103 SE2d 138)) dealing with *Code Ann.* § 38-711, this part of the report which included matter not contemplated by the Act of 1953, supra, was properly excluded from evidence. Where the assignment of error complains of the exclusion of the evidence as a whole it does not require the grant of a new trial where a part thereof is inadmissible. See *Chambers v. Wesley,* 113 Ga. 343 (2) (38 SE 848); *Morgan v. Mull,* 101 Ga. App. 36, 37 (112 SE2d 661). No reversible error is shown by this ground of the motion for new trial.

■ The sole remaining special ground, which deals with newly discovered evidence, and the usual general grounds of the motion for new trial will not be passed upon inasmuch as the case must again be tried.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*