### 48842. HARRIS, INC. v. BLACK.

STOLZ, Judge. In this action by a customer against a restaurant operator for damages for injuries caused by the defendant's employee's allegedly having poured a pot of hot coffee over the plaintiff's back without provocation, the defendant appeals from the judgment on the verdict in the amounts of $3,000 compensatory damages and $8,000 exemplary damages and from the overruling of its motion for a new trial. *Held:*

1. The evidence as to how the plaintiff's injuries occurred is in conflict. The defendant's sole witness, the employee allegedly causing the injuries, testified that the plaintiff and his friends

had come into the restaurant at approximately 2:30 a.m. from a party at which alcoholic beverages were consumed, and that the plaintiff, upon being refused service because of unruly behavior and profane language, twisted the witness' arm, causing her to spill the coffee on him. The plaintiff's witnesses, all participants in the party with him, testified that their group was not noisy or rowdy, but that they were unable to obtain service; that the plaintiff used profanity to describe what the restaurant was not worth, whereupon the employee picked up a pot of coffee and threw it on the plaintiff. The jury had the opportunity to give more credibility to the defendant's sole witness than to those of the plaintiff, but declined to do so, even though the plaintiff's witnesses who were all teenagers, according to his own testimony, held their party in a motel rather than in a private home because they could not be trusted not to steal things. Since their decision was supported by some evidence, we cannot overturn it.

2. The fact that there is no evidence of medical expenses or lost time or wages from employment, does not demand a ruling that the amount of compensatory damages was excessive. As was stated in *Chitwood v. Stoner,* 60 Ga. App. 599, 601 (4 SE2d 605), "[t]he verdict appears to have been based not alone on permanency of injury and time-extent of disability, but also on pain and suffering from the injuries proved. The measure of damages being the enlightened consciences of fair and impartial jurors, it can not be said, in the absence of bias on the part of the jury, that the verdict was excessive." As to pain and suffering, there was evidence that the plaintiff was burned from his neck to his buttocks, that the pain was so severe from the burn that he went outside the restaurant, took off his shirt in the cold winter night without feeling the cold, and threw himself onto the ice on the ground in an attempt to cool his back. There being no evidence of bias on the part of the jury, the verdict and judgment as to compensatory damages cannot be held to be excessive.

3. Nor can we say that the verdict and judgment for exemplary damages were unauthorized or excessive. " 'If the tortious act of the servant or agent be such, when committed in the business of the company and within the scope of the servant's employment, as would have subjected the servant to exemplary or vindictive damages had he been sued as principal, the company will be responsible for like damages when it is sued for such misconduct of its servant in its business.' *Gasway v. Atlanta*

& *West Point R. Co.,* 58 Ga. 216 (2). It was held in *Battle v. Kilcrease,* 54 Ga. App. 808 (3,4) (189 SE 573): 'Recovery of punitive damages may be authorized where the circumstances of the tort are such as to evince an entire want of care and an indifference to consequences. Wilful and intentional misconduct is not essential.'" *American Fidelity &c. Co. v. Farmer,* 77 Ga. App. 166, 178 (3) (48 SE2d 122). "Such action . . . on the part of the defendant's employee . . . became a jury question as to whether such amounted to a conscious indifference of [sic] the consequences on the part of the defendant's employee as to constitute aggravating circumstances." *Morgan v. Mull,* 101 Ga. App. 36, 41 (112 SE2d 661). There being some evidence to authorize such finding here, and the amount of the damages being determined by the enlightened consciences of the jurors, the award for exemplary damages will not be reversed as excessive.

4. The court's charge, when viewed in its entirety, did not, as is contended, instruct the jury that the defendant employer had an absolute duty to protect the plaintiff customer from any and all harm which might befall him while he was on its premises. The judge correctly charged the jury that both the plaintiff and the defendant were bound to exercise ordinary care, and that the defendant operator was not the insurer of the plaintiff customer's safety while in the restaurant.

5. The appellee's motion for the grant of reasonable attorney fees for the filing of a frivolous appeal, is denied. Although we have upheld the verdict, its size, together with the nature of the conflicting evidence as to the cause and the extent of the plaintiff's injuries, created an appealable issue.

The verdict was authorized by the evidence and does not justify the inference of gross mistake or undue bias.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED JANUARY 15, 1974 — DECIDED FEBRUARY 12, 1974.

*Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III,* for appellant.

*William L. Gower, John McGuigan, Thomas H. Harper, Jr.,* for appellee.